## ED ESLICK et al. v. STATE.

No. A-6827. Opinion Filed Nov. 16, 1929.
Rehearing Denied Dec. 21, 1929.
(283 Pac. 578.)

Robert H. Warren, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

CHAPPELL, J. Ed Eslick and Paul Graham were tried in the superior court of Pottawatomie county charged with maintaining and operating a liquor nuisance. They were found guilty by a jury, and this plaintiff in error, Ed Eslick, hereinafter called defendant, was sentenced to serve 60 days in jail and pay a fine of $250. The defendant Ed Eslick appeals from said judgment and sentence.

The defendant first complains that the evidence is insufficient to support the verdict of the jury. The evidence of the state was that people congregated at this place; that it had the reputation of being a place where intoxicating liquors were kept and sold; that one room contained a bar, and that the defendant Eslick was behind the bar and defendant Graham in a room immediately back of the bar at the time of the raid. An officer went into the back room to arrest Graham, and Graham upset a pitcher sitting on the stove, which pitcher contained from a quart to a half gallon of whisky. Small whisky glasses were found in this back room together with water glasses. There was a crowd of men in the front room about the bar, and the officers smelled whisky on these men.

To maintain the action, the state must prove either sales of liquor prior to the raid or finding of liquor on the premises, and must prove that people congregated on such premises for the purpose of drinking or must prove the reputation of the place as being a place where liquors are

kept, stored, sold, or given away. The proof in this case is sufficient to support the verdict of the jury.

The defendant next complains that the court erred in overruling the application of the defendant, Paul Graham, for a continuance. Since the defendant Graham did not appeal, the defendant Eslick is in no position to complain of the ruling of the court upon the application of the defendant Graham.

The affidavit and search warrant being sufficient to authorize the search, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.