## LEE MOORE v. STATE.

No. A-7045. Opinion Filed Dec. 14, 1929.
(283 Pac. 583.)

John F. Vaughan, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted of the crime of gambling by playing a game called poker, and was sentenced to pay a fine of $50 and costs. From the sentence and judgment the defendant has appealed to this court.

The state called as a witness V. J. Hendricks, who testified he knew Lee Moore; that on the 1st day of October, 1927, at Stillwater, in Payne county, Okla., he saw the defendant at Lee Doolin's poker game over the Club; it is a kind of a cafe and bar; that the defendant bought $51 worth of chips and was playing poker at the time the officers came into the room; that defendant had played two or more hands when the officers broke in. On cross-examination he stated he was working for Mr. Bays, doing detective work. Witness admitted he had played a little poker in his life; that he was sent to Stillwater by the superintendent of the agency, Mr. Bays; that he was directed to get into that game Doolin and Harper were running.

E. J. Keltner testified in substance the same facts as did the witness Hendricks, as to what took place in the poker room the night the officers raided the room and found money, poker chips, and tables. It is not denied by the defendant that he was in the room when these two witnesses came in, and that the poker game was either in progress or started after the witnesses Hendricks and Keltner came into the room. The defendant denies he was playing poker when the officers came into the room; he further denies he had bought $51 worth of chips as related by the witnesses. Some of the witnesses for the defendant admit there had been a conversation between the de-

fendant and one of the parties in the room, that the game was not big enough for the defendant to get in, and it had been agreed they would make the game big enough for the defendant to come into the game and play with them. It is also denied that defendant had bought any chips or paid any money, and they deny that the other parties who had agreed to make the game big enough for the defendant to get in had put any money in the game; that if the officers had not come in when they did the defendant would have been playing. This is in substance the testimony.

The court advised the jury in his instructions that the defendant was presumed to be innocent of the offense charged against him and of every ingredient thereof until such presumption is overcome by competent evidence to your satisfaction beyond a reasonable doubt, and you are instructed that the burden is upon the state to prove to your satisfaction beyond a reasonable doubt every material allegation of this information charging the offense against the defendant.

The defendant has assigned several errors alleged to have been committed by the trial court; the first being the court erred in overruling his motion for a new trial; second, error of the court in refusing to give defendants requested instruction No. 1. The court in his general instruction substantially covered the facts contained in the special instruction No. 1 requested by the defendant, and the court did not err in refusing to give the same.

In this case the testimony on behalf of the state as to the defendant gambling is positive. The witnesses Hendricks and Keltner, though special witnesses sent out to detect people committing crime, swear positively that the defendant was gambling when the officers came

into the room and had been prior to their coming into the room. The testimony of the defendant and other witnesses denying this statement and swearing he had not been gambling and had not bought any chips.

The question as to whether or not the defendant was guilty of gambling, under the testimony before the jury, was a question solely for the jury, and the court correctly advised the jury as to what it must find before it would be warranted in convicting the defendant. This court has repeatedly held that where there is any competent testimony to go to the jury, though conflicting, it would not reverse a judgment on the ground of the insufficiency of the testimony. We have carefully examined the record in this case, and from the testimony contained therein, and the instructions of the court, we hold that the court did not err in overruling the defendant's motion for a new trial; that the instructions of the court substantially declared the law applied to the evidence; that the defendant was accorded a fair and impartial trial.

Therefore the judgment of the lower court is affirmed.

EDWARDS, P. J., concurring.

CHAPPELL, J., absent, not participating.