## EARL SMIDDY v. STATE.

No. A-7148.  Opinion Filed March 22, 1930.
Rehearing Denied April 26, 1930.
(286 Pac. 813.)

Wells & Greer and Jones & Clift, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county on a charge of robbery with firearms, and his punishment fixed at twenty years' imprisonment in the state penitentiary.

The evidence on the part of the state is that this defendant and another, who had not been apprehended at the time of the trial, held up and robbed one O. D. Jones of $25 in money.  The robbery occurred where Jones and others were engaged in drilling an oil well north of the city of Seminole in Seminole county.  The state's evidence shows that the defendant and another appeared at this place at about 11:30 at night; that they first cut the electric wires that operated the lighting system in and around where the drilling was taking place and then went in the door leading to the place where the drillers were at work.  As soon as the lights went out, Jones opened the door to

see what the trouble was, and one of the robbers who was standing outside the door ordered him to throw up his hands and get back into the place, which he did. The robbers then came in and robbed Jones of his money and sat down to wait for the night shift of drillers to come on duty. When the men who were to relieve Jones and his partner came, defendant and his partner robbed them of a watch, a small amount of money, and a pistol.

During the course of one of the robberies, the mask which the defendant was wearing fell down from over his face. Jones and the other men who were robbed positively identified the defendant as one of the men who robbed Jones, and testified that they could not be mistaken as to his identity. The defense interposed was an alibi. Defendant in his brief says:

"A number of specifications of error are set forth in the petition in error, and without waiving any errors assigned we will submit the matter on one proposition, that the verdict is not sustained by sufficient evidence and is contrary to law."

This case presents the simple question of whether this court will permit the judgment to stand on conflicting evidence. Two of the state's witnesses swore positively that defendant was one of the men who held a gun on them and robbed them. One of them pointed him out from a group in the jail, and both of them positively identified him in the courtroom as one of the robbers. The defendant denied that he had anything to do with the robbery, and produced witnesses to testify that he was in another place at the time the robbery was committed. All these witnesses were before the jury, they heard them testify, had a chance to observe their demeanor on the witness stand, and were thus qualified to pass upon their credibility and the weight to be given their testimony. This court will not disturb

a verdict of the jury where the evidence is conflicting and where there is competent evidence in the record supporting the verdict of the jury. Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277; Eslick v. State, 45 Okla. Cr. 388, 283 Pac. 578; Moore v. State, 45 Okla. Cr. 317, 283 Pac. 583.

There being sufficient evidence in the record to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.