## E. V. ROBNETT v. STATE.

No. A-2431.  Opinion Filed December 14, 1918.

Rehearing Denied March 20, 1919.

(178 Pac. 890.)

1. **CONTINUANCE—Surprise.**  An application for a continuance on the ground of surprise, because the court granted leave to indorse on the indictment the name of the complaining witness, **held** properly overruled.

2. **APPEAL AND ERROR—Discretion—Continuance.**  Applications for continuance are addressed to the sound discretion of the court under all the circumstances of the case, and unless an abuse of such discretion is shown its judgment will not be reversed on appeal.

*Appeal from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

E. V. Robnett was convicted of assault and battery, and he appeals.  Affirmed.

*Sam Hooker* and *Wm. H. Zwick,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.  The plaintiff in error was indicted for assault and battery with a dangerous weapon with intent to do bodily harm, alleged to have been committed with a revolver, with which E. V. Robnett, the defendant, inflicted upon the body of one J. H. Jimmerson dangerous wounds.  Upon his trial the verdict was guilty of assault and battery, and fixing his punishment at confinement in the county jail for 30 days and a fine of $100.  From the judgment rendered on the verdict, he appeals.

The only assignment of error presented in the brief is that the court erred in refusing to grant a continuance.

It appears that when the case was first called for trial,. about three weeks after the defendant had entered his plea, it was continued for three weeks. When the case was again called for trial, the county attorney was granted leave to indorse on the indictment the names of additional witnesses. Whereupon the defendant filed a motion for continuance on the ground of surprise, and the trial was postponed for one week, at which time the case came regularly on for trial. Thereupon the county attorney asked leave to indorse the name of the complaining witness, J. H. Jimmerson, to which the defendant objected. Thereupon the record is as follows:

"By the Court: Jimmerson being the prosecuting witness named in the indictment, the objection is verruled.

"By Mr. Hooker: To which the defendant excepts.

"By the Court: Is the state ready?"

"The Prosecuting Attorney: I think so; yes, sir.

"By the Court: Is the defendant ready?

"By Mr. Zwick: With reference to the ruling of the court in permitting the indorsement of the witness Jimmerson on the indictment, the defendant prays for a continuance, or for at least a reasonable time in which to make a showing for a continuance, stating to the court that the notice of the county attorney indicating his intention to indorse the name of Jimmerson on the information was served on one of the counsel for defendant today at the hour of 11:30 a. m., and that the defendant has thereby been taken by surprise, and did not know that the state intended to use this witness, and the defendant is not ready for trial at this time.

"By the Court: The witness in question is the prosecuting witness named in the indictment, is he not?

"By Mr. Hooker: Yes, sir.

"By the Court: The motion for continuance is over-ruled.

"By Mr. Hooker: Exceptions; and is the time to make a showing for a continuance overruled also?

"By the Court: You have had plenty of time, if you were served with notice at 11:30 this morning.

"By Mr. Hooker: To which the defendant excepts.

"By the Court: Is the defendant ready?

"By Mr. Hooker: With that exception.

"By the Court: Call the jury, Mr. Clerk."

An application for continuance is addressed to the sound discretion of the court, under all the circumstances of the case, and unless an abuse of this discretion is shown, the judgment will not be reversed on appeal. Manifestly the application for a continuance in this case was properly overruled.

Finding no reversible error in the record, the judgment is affirmed, and the cause is remanded to the district court of Oklahoma county.

ARMSTRONG and MATSON, JJ., concur.