## ROY HUDSON v. STATE.

No. A-3728. Opinion Filed Jan. 28, 1922.
(203 Pac. 482.)

(Syllabus.)

1. **Appeal and Error—Discretion of Trial Court—Continuance.** Applications for a continuance on the ground of absent witnesses are addressed to the discretion of the trial court. The appellate court will not disturb the trial court's action on such an application unless a manifest abuse of discretion appears.

2. **Continuance—Showing Necessary—Illness of Witness.** Where a continuance is asked on account of the absence of a sick witness, there should be a showing that the witness is sick, and unable to attend the trial, and also that there is a reasonable probability that such witness will be able to attend at the time or term to which a continuance is asked. Where there is no such showing there is no abuse of discretion in overruling the motion.

3. **Same—Continuance not Granted to Obtain Cumulative Evidence.** Continuances should not be granted for the purpose merely of obtaining cumulative evidence.

Appeal from District Court, Coal County; J. H. Linebaugh, Judge.

Roy Hudson was convicted of manslaughter in the first degree, and he appeals. Affirmed.

George Trice, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

MATSON, J.   This is an appeal from the district court of Coal county wherein, on September 22, 1919, the plaintiff in error, Roy Hudson, hereinafter referred to as defendant, was convicted of the crime of manslaughter in the first degree, and his punishment assessed at a term of four years' imprisonment in the state penitentiary.

Jess Holland was shot and killed on the sidewalk in front of his residence in Coalgate, Okla., by Roy Hudson on the evening of the 18th day of December, 1916, when on his way home from his place of business about 7 o'clock, or shortly thereafter.   Both the defendant and the deceased had operated competing barber shops in the town of Coalgate, and there is some evidence in the record of enmity between them existing for several months preceding the fatal shooting.   The deceased was killed with an automatic 38-caliber Colts pistol, the defendant inflicted three wounds upon the person of the deceased, one entering the right side and passing through the body, another entering from the rear and passing almost directly through to the front, severing the aorta, the third shot entering one of the legs and breaking one of the large bones in it.   The wound which entered from the rear was necessarily fatal, the deceased having died before anybody reached him.

The defense interposed was self-defense; the defendant and the young lady who was with him at the time testifying that the deceased made a motion as if to draw a weapon after having called the defendant a vile name.   No weapons were found upon the person of the deceased, and at the time he was killed he was carrying a loaf of bread under one of his arms and a package of beefsteak in his overcoat pocket.

But one question is presented for review in this appeal, it being contended that the trial court erred in overruling the defendant's motion and application for a continuance. The continuance was applied for on account of the absence of three persons who were contended to be material witnesses for the defendant, to wit: Dr. Henderson, Tom Pringle, and Bertha Hudson. Of these witnesses Dr. Henderson later appeared and testified in behalf of the defendant. It is conceded in the brief filed in behalf of the defendant that as to the witness Pringle the motion was not well taken. Reliance is had solely on the action of the court in overruling the motion as to the witness Hudson. The allegations of the motion as to the witness Hudson are substantially as follows:

That Bertha Hudson is a resident of Seminole, Okla. That she had been duly subpoenaed to attend court in this case. That she was unable to attend court on account of her physical condition, and the certificate of her physician is hereto attached and made a part of this motion. That a true copy of the transcript of the testimony of the witness Bertha Hudson given at a former trial of this cause it attached to the motion and made a part of it. That the witness, if present, would again testify to the same facts. That the facts which the witness would testify to were true and material to the defense of the defendant, and defendant is unable to prove said facts by any other witness. That there is a reasonable probability that if the cause is continued said witness would be present at another term of court, or, in the event she should not be present, defendant would be able to take her deposition. The said witness is not absent on the consent or procurement of the defendant. That application is not made for delay, but in order that justice may be done.

The motion was subscribed and sworn to by the defendant. The doctor's certificate referred to in the application reads as follows:

"Sept. 16th, 1919.

"Maude, Okla.

"To Whom It May Concern:

"This is to certify that Mrs. Grover Hudson isn't physically able to attend court. She will become a mother now in thirty (30) days. And therefore, I respectfully request the court to excuse her. I am very respectfully,

"W. D. Phillips, M. D."

Applications for a continuance on the ground of absent witnesses are addressed to the discretion of the trial court. The trial court's action in overruling such an application will not be disturbed on appeal unless, after an examination of the record, a manifest abuse of such discretion appears. Carnes v. State, '14 Okla. Cr. 585, 179 Pac. 475; Collins v. State, 15 Okla. Cr. 96, 175 Pac. 124; Robnett v. State, 15 Okla. Cr. 541, 178 Pac. 890.

In this instance we find no abuse of discretion on the part of the trial court in overruling this application; on the contrary, we believe the trial court's action was manifestly correct.

In the first place Bertha Hudson was the wife of the brother of the defendant. She was not a resident of Coal county at the time of the trial. Her attendance could not be compelled unless she was served with a subpoena on which the trial judge had endorsed an order for her attendance. Section 6021, Rev. Laws 1910.

While the application alleges that she had been subpoenaed, it nowhere appears from the application that she had been subpoenaed in such way that the defendant could compel her attendance were she physically able to attend. Such a showing should have appeared from the application. Furthermore, the statement of Dr. Phillips is very vague and indefinite. It states that Mrs. Hudson is not physically able to

attend court because she will become a mother in thirty days, and for that reason the court is requested to excuse her. On the ground of illness the application is insufficient. Brown v. State, 15 Okla. Cr. 64, 175 Pac. 66.

In addition, it is clearly disclosed by the record that the testimony of Bertha Hudson, the absent witness, was purely cumulative. The rule is well established that continuances should not be granted for the purpose merely of obtaining cumulative evidence. Rose v. State, 8 Okla. Cr. 294, 127 Pac. 873; Litchfield v. State, 8 Okla. Cr. 164, 126 Pac. 707; Petty v. State, 11 Okla. Cr. 438, 147 Pac. 782; Cope v. State, 15 Okla. Cr. 437, 177 Pac. 920.

In addition to what has been said above with reference to this application for a continuance, the trial court permitted counsel for defendant to read to the jury as the evidence of the absent witness, Bertha Hudson, the testimony given by her in a former trial of this cause. The permission thus granted, in the face of the showing made for a continuance, was action most favorable to the defendant, as the trial court could have with propriety prohibited the reading of this witness' former testimony on the showing made.

While the evidence in this case is conflicting, this court is convinced, after a careful examination of the entire record, that the defendant was accorded a fair and impartial trial, and was extremely fortunate in that only the minimum punishment for manslaughter in the first degree was assessed against him. The judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.