JAMES CHOATE v. STATE.

No. A-5869. Opinion Filed July 23, 1927.
(258 Pac. 360.)

██ 

Welch & Welch, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pushmataha county on a charge of murder and was sentenced to life imprisonment in the state penitentiary.

On the night of April 4, 1925, a difficulty arose between deceased and defendant in which deceased was shot, from the result of which he died. Deceased had announced a dance to be held at his house on the night of the homicide. Defendant had been married about a week and a charivari dance was announced for his place for the same time. The young people of the neighborhood gathered at defendant's home. Deceased was angry at this circumstance and with one Homer Prince went to defendant's house, and he sent Prince in to ask one Roy Upton to come out where he was, as Upton had promised Bohanan that he would bring some girls to his house that night, but apparently the girls were unwilling and they with Upton had gone to defendant's instead. Bohanan was drinking at the time and there is evidence that when under the influence of liquor he was quarrelsome. When Upton told Bohanan the girls would not come to his house it angered him and he attempted to assault Upton with a knife, but was quieted

down, and Upton returned to the house and took the girls out the back way toward their home, and they were about one-fourth of a mile away when the shooting occurred. Defendant became angered at Bohanan for having interrupted the dance in that manner. Soon Bohanan came to the house and took a seat on the porch, defendant came to him and asked if his name was Bohanan, and he answered that it was "Jack Johnson." This answer was not satisfactory and the question was repeated, and there is some evidence that defendant told deceased, in substance, that he must cut out any rough stuff there. Bohanan's brother then started away with him and he had gotten outside of the yard gate when one Palmore, a relative of defendant and jointly charged with him, intercepted Bohanan and defendant came up and some further words were passed. There is evidence that deceased had a knife in his hand, at this time defendant fired three shots which resulted in the death of Bohanan a few days later.

Complaint is made that the court erred in refusing certain instructions requested by defendant. These requests are four in number and go to the question of defense of habitation, or rather the right of defendant to expel deceased from his premises. It is, of course, well settled that a defendant in a criminal case has a right to a clear, affirmative instruction defining the law applicable to his defense where there is evidence upon the material issue reasonably tending to support it, based upon the hypothesis that his testimony is true. It is also a part of the law of self-defense that a person may resist any attempt of another to commit a felony upon or in any dwelling house in which he may be. That is to say, any person has the right to defend his domicile against an unlawful invasion and defend himself and those within it against violence. He is not required to retreat, and if it be actually or apparently necessary may

take human life to prevent the commission of a felony upon or within said domicile. Collegenia v. State, 9 Okla. Cr. 425, 132 P. 375; section 1754, Comp. Stat. 1921. However, defendant was not entitled to an instruction upon this theory, for under the undisputed evidence deceased, at the time of the homicide, was not attempting to commit any felony upon or in the dwelling house of defendant. The law applicable to the defense of habitation does not apply.

There was evidence that deceased was drunk, was in an angry mood, and disposed to be quarrelsome, but he made no attempt to attack defendant. The fact was that deceased came there and had a quarrel with Upton and interfered with the dance, which angered defendant, and while deceased was leaving the premises, without any necessity to justify the taking of human life, defendant killed him.

Whether the killing was murder or manslaughter in the first degree is a close question on the facts, but the facts are for the jury. The verdict is supported by competent evidence and there is no reason apparent why this court should disturb it.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.