## DAVE PENDLEY et al. v. STATE.

No. A-7079. Opinion Filed Feb. 15, 1930.
Rehearing Denied March 15, 1930.
(285 Pac. 989.)

Roy White, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Dave Pendley and Bill Pendley, hereinafter called defendants, were tried and convicted in the district court of McIntosh county of the crime of assault with a dangerous weapon without justifiable or excusable cause, and sentenced to serve a term of two years each in the state penitentiary.

The evidence of the state is that Dave Archibald and his wife Cynthia and one Bertha Martin had been to the town of Hanna on Sunday afternoon; that defendant Bill Pendley attempted to make a date with Bertha Martin and also attempted to arrange for a date for his brother with Cynthia Archibald; that Bertha Martin agreed to meet Dave Pendley between sundown and dark up the Fort Smith and Western Railroad from Hanna; that Archibald, his wife, and the Martin woman, started to walk up the Fort Smith and Western Railroad to their home about

two miles from Hanna; that defendants followed them in a car, stopped them and tried to induce the Martin woman to go with them. Failing in this the defendants followed farther up the railroad track and stopped them again, this time one of the defendants displaying a gun and the other a knife; that they forced the Martin woman to go with defendant, Bill Pendley, and that the defendant, Dave Pendley remained behind armed with a revolver and apparently attempting to coerce Mrs. Archibald to accompany him. That the defendant, Bill Pendley, took the Martin woman out to the side of the road some distance away where she knocked him down, escaped from him, and ran on home. About dark Archibald succeeded in getting hold of the gun in the hands of defendant, Dave Pendley. In the scuffle the gun was discharged wounding Archibald. He (Archibald) finally got possession of the gun and knocked defendant, Dave Pendley, down with it. Archibald and his wife immediately went back to Hanna and procured the arrest of both the defendants. Defendants admitted following Archibald, his wife, and the Martin woman, but claimed the attack was made on them by Archibald who was jealous of his wife. Archibald and his wife are both Indians.

The only question presented in the appeal is that of the sufficiency of the evidence to support the verdict of the jury. There is a sharp conflict in the evidence. If the jury believed the testimony of Archibald and his wife, there is ample evidence to support the verdict of the jury. If the jury believed the evidence of the defendants and their witnesses, then the verdict would have been not guilty. It is not for this court to weigh the evidence nor pass upon the credibility of the witnesses. The trial judge permitted these verdicts to stand and pronounced judgment in accordance therewith. The trial judge also heard

the witnesses testify, had a chance to observe their demeanor on the witness stand, and was in a better position than this court to determine the sufficiency of the evidence to support the verdict of the jury. This court has so often held that it will not disturb the verdict of a jury where there is any competent evidence in the record to support such verdict, that it seems hardly necessary to cite authorities. This court has also held that where the evidence is conflicting, the jury are the exclusive judges of the weight of the evidence and the credibility of the witnesses, and this court will not disturb a verdict where the evidence is conflicting and where there is competent evidence to support the verdict. Merriott v. State, 18 Okla. Cr. 247, 194 Pac. 263; Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738; Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

The defendants appear to have had a fair trial and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent.