## WILLIE JOHNSON v. STATE.

No. A-8820. July 12, 1935.
(47 Pac. [2d] 605.)

240

Billingsly & Kennerly, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Sp. Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, for convenience hereinafter referred to as the defendant, was by information charged with the crime of murder; tried and convicted of manslaughter in the first degree, and sentenced to imprisonment in the state penitentiary for a term of four years.

Lucy Buck, a witness for the state, testified in substance as follows:

"I am the wife of Marchie Buck, the deceased, and am the sister of the defendant; on the 2d day of December, 1933, I had taken my three children and gone to the home of the defendant; deceased came over there about nine o'clock that night; all the people in the house had retired; when Marchie Buck came to the porch I went out and talked with him; the defendant came out and got a drink of water; he did not say anything to Marchie, but Marchie asked him why he came out; the defendant went back into the house and shortly came out again, and Marchie asked him if he did not have his gun, and the defendant said he did not have his gun; Marchie then said, 'I want to die any-

way'; the defendant told him not to talk that way. Marchie then came up on the porch and had hold of my hand and defendant fired a shot; Marchie jumped off the porch and started down in the yard and defendant followed him a short distance, and fired another shot. Marchie died in a field east of the house about 15 minutes after the shot was fired. It struck him in the front of the body near the stomach. Marchie was drinking when he came to the house."

The defnedant admitted the killing, and in his own defense testified in substance as follows: "About eleven o'clock the night of December 2d, I was awakened by the deceased coming to my home where Lucy, my sister, had come earlier in the evening to spend the night. The deceased was drinking and was fussing with my sister, on the porch; I went out on the porch and got a drink of water and went back to bed; I again came out on the porch when deceased continued fussing with Lucy; Lucy told him she did not want to go home with him until morning because the baby was sick and he was drinking."

Defendant further stated when "I asked the deceased not to use profane language, the deceased told me, ' I am going to shoot you, I am going to shoot you, and I have a pistol and I will show you I have one';" at the time deceased stepped up on the porch the defendant states deceased reached as though to get his gun and he shot him; that he fired the shot for the reason he was afraid the deceased would shoot him or Lucy; the deceased jumped from the porch and ran into the yard; "I followed about twenty yards and returned to the house; I fired one shot after the deceased left the porch but not at him; I knew the deceased carried a pistol."

The foregoing is the substance of the testimony. The defendant and wife of the deceased were the only parties

present when the trouble occurred; the other parties in the house of the defendant were in bed and only heard the shots and knew nothing about the circumstances that brought on the difficulty.

In the six assignments of error the defendant has filed he only argues the question of the verdict of the jury being contrary to the law and the evidence; and the error of the court in refusing to sustain plaintiff in error's demurrer to the state's evidence, at the close of the state's case, which was duly excepted to; and the error of the court in overruling defendant's motion for a new trial.

These assignments will all be considered together, as they relate only to the question of the sufficiency of the evidence to sustain the verdict. The defendant in his brief relies upon Newman v. State, 44 Okla. Cr. 137, 279 Pac. 980, 981, to sustain his contention that the verdict is contrary to the law and the evidence. In this case, in the third paragraph of the syllabus, this court said:

"A conviction will be reversed on the ground of insufficient evidence only where it is not supported by substantial evidence from which the jury may reasonably and logically find the defendant guilty, or where it is so insufficient that the court can say that the jury must have acted from partiality, passion, or prejudice."

A careful examination of the record fails to show that the jury, in arriving at its verdict, acted from partiality, passion, or prejudice.

In this case the only question to be considered is the question: Is the evidence sufficient to sustain the verdict? The defendant stated he thought his brother-in-law might have a pistol, and he made a play like he was going to draw a pistol, and he fired the shot that took the life of the de-

ceased. No pistol was found upon the body of the deceased, and no one who testified saw a pistol.

In Nutt v. State, 8 Okla. Cr. 266, 128 Pac. 165, this court said:

"To constitute the defense of 'justification' where a homicide has been committed, the apprehension of danger must be founded on sufficient circumstances, real or apparent, to authorize the opinion that the felonious design then existed."

In Hunt v. State, 29 Okla. Cr. 255, 233 Pac. 506, this court stated:

"The bare belief of one assaulted that he is about to suffer death or great personal injury will not of itself justify him in taking the life of his adversary. There must exist reasonable ground for such belief at the time of the killing, and the existence of such ground is a question of fact for the jury."

The evidence shows that when deceased came to defendant's home and called his wife and she went out on the porch, the defendant went out and got him a drink, and then went back in the house; he said he had his gun on him when he first went out. Suffice it to say, that shortly after he went back in the house he went back to the porch, and had his gun and fired the fatal shot on the belief, as he states, that the deceased was about to shoot him or to do him great bodily harm or to injure deceased's wife, defendant's sister.

In Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352, this court held:

"Where the evidence and the reasonable and logical inferences and deductions to be drawn from it are sufficient to convince the jury beyond a reasonable doubt of the

guilt of a defendant, this court will not disturb the verdict for insufficiency."

In Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360, this court stated:

"Where there is competent evidence which reasonably sustains the verdict and judgment, a conviction will not be reversed, although the evidence may be conflicting or different inferences may be drawn from it."

In considering the sufficiency of the evidence, the function of this court is limited to ascertaining whether there is a basis in the evidence on which the jury could reasonably conclude that the defendant is guilty as charged, and where there is a basis the case will not be reversed for the insufficiency of the evidence.

The defendant was accorded a fair and impartial trial. The evidence is sufficient to sustain the verdict and judgment. There are no errors in the record warranting a reversal.

The judgment is affirmed.

EDWARDS and DOYLE, JJ., concur.