# RAY BOURNS v. STATE.

No. A-8897.  Aug. 16, 1935.
(48 Pac. [2d] 353.)

Sigler & Jackson, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, for convenience hereinafter referred to as the defendant, was convicted of the larceny of a cow, and sentenced to be imprisoned for a period of two years.

The testimony on behalf of the state shows that W. L. Wilson lived in Carter county, north of the town of Wilson; on the 5th day of May, 1932, he had a jersey cow disappear from his place; in August, 1933, he found the cow in the possession of the defendant.  W. L. Wilson, the owner of the cow, had no knowledge whatever as to who stole the cow.

Ellen Conley, a witness for the state, testified in substance to the same facts as did W. L. Wilson.

W. A. Ward, a deputy sheriff, testifying for the state, stated:

"I found the Wilson cow in defendant's possession and the defendant in a conversation with me claimed he bought the cow for $22.50 from some one at the Fair Grounds, in Ardmore; later, in the county attorney's office, the defendant admitted he bought the cow from a man by the name of Geo. Van Bushkirk."

The defendant introduced several witnesses who testified they had seen the Wilson cow on Van Bushkirk's farm, and that she did not appear at defendant's place until some time in August, 1933.

The father of the defendant, J. G. Bourns, testified the defendant brought the cow to his farm in 1933. A. L. Bourns, a brother of the defendant, testified he knew the brother got the cow in question some time about the 5th of June, 1933.

The defendant, testifying in his own behalf, stated:

"I bought the cow on the 5th of June, 1933; I had never seen the cow before that date."

Geo. Van Bushkirk testified, in rebuttal for the state, that he did not own any cows at the time the defendant claims to have bought the cow from him; that he had not sold the defendant a cow; had never seen the cow at the time the defendant alleges he bought her from him.

The father of Geo. Van Bushkirk, testifying in rebuttal, stated that during the year and about the time the cow was stolen from Wilson, he owned six milch cows, two red ones, one black and white, one big brown, and two

yellow ones, rather dark; that he still owned five of the cows; one he sold to Taliaferro.

The substance of the testimony is the state showed that W. L. Wilson had lost a jersey cow in May, 1932; that in August, 1933, she was found in the possession of the defendant; the cow's ears had been clipped where she had wire marks on them, and she had been dehorned. The defendant attempts to account for his possession by testifying he bought the cow from Geo. Van Bushkirk. Geo. Van Bushkirk denies he sold the defendant the Wilson cow; had nothing to do with the cow and knew nothing about her until after the defendant was charged with the larceny of the cow.

The defendant has assigned six errors alleged to have been committed in the trial of the case sufficient to warrant a reversal. The first error that will be considered is the sixth: "The judgment is contrary to the law, and contrary to the evidence."

The defendant in his brief states that the questions raised are all involved in one proposition, that is, the effort to show that the defendant had possession of the stolen cow approximately eighteen months after she was stolen, and also whether or not there was any testimony upon which a conviction could be based. Citing in support of his contention, Slater v. United States, 1 Okla. Cr. 275, 98 Pac. 110.

There is no dispute as to what the law is about the possession of recently stolen property. In this case the length of time that intervened between the time the cow was stolen and was found in defendant's possession was so great that the possession within itself could not have been considered the possession of recently stolen property,

but the defendant did not stand upon that proposition of law, but undertook to explain his possession by stating where and from whom he purchased this cow. The party from whom he claimed to have purchased the cow testified for the state and directly contradicted the statements of the defendant. This makes a conflict in the testimony and takes the question of the possession of recently stolen property out of the case, and leaves to be considered the question as to whether the testimony, conflicting as it is, is sufficient to sustain the verdict and judgment. This court has many times held that the question of the sufficiency of the evidence is a question for the jury.

In Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352, the court stated:

"Where the evidence and the reasonable and logical inferences and deductions to be drawn from it are sufficient to convince the jury beyond a reasonable doubt of the guilt of a defendant, this court will not disturb the verdict for insufficiency." Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Johnson v. State, 57 Okla. Cr. 239, 47 Pac. (2d) 605.

In considering the sufficiency of the evidence, the function of this court is limited to ascertaining whether there is a basis in the evidence on which the jury could reasonably conclude the defendant was guilty as charged, and where there is a basis the case will not be reversed for insufficiency of the evidence.

The defendant in his discussion argues that the court erred in refusing to give his requested instructions. The record has been carefully examined, and we hold that the general instructions of the court fully covered the law as applicable to the facts, and the court did not err in refusing to give the requested instructions.

The evidence is sufficient to sustain the judgment. The defendant was accorded a fair and impartial trial.

The other errors discussed are without merit.

The judgment is affirmed.

EDWARDS and DOYLE, JJ., concur.