## E. R. JACKSON v. STATE.

No. A-9868. June 18, 1941.

(114 P. 2d 953.)

Ward, Justus & Ward, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for the State.

BAREFOOT, P. J. Defendant E. R. Jackson was charged in the district court of Tulsa county with the crime of burglary in the second degree, was tried, convicted and sentenced to serve a term of seven years in the penitentiary, and has appealed.

The defendant having been unable to give bond pending this appeal, is now confined in the penitentiary, and for this reason his case has been advanced and decided at this time.

The first assignment of error is that the court erred in overruling defendant's motion for a continuance. This motion is based upon the absence of a witness named Marie Berry. The record discloses that the information was filed on the 7th of November, 1939. Defendant was arraigned in open court on the 8th of November, 1939,

and entered a plea of not guilty, and was at that time advised his case was set for trial on November 21, 1939. The motion for continuance was not filed until the day the case was called for trial. The record does not show that any subpoena was attached to the motion, nor was any introduced in evidence in support thereof. At the time the motion was overruled no exception was taken to the overruling of the same. The motion for continuance stated:

"That one of the witnesses above named is Marie Berry who lives some five miles west of Sapulpa, Oklahoma, at the Sapulpa Country Club, who has been subpoenaed but cannot attend court at this time for the reason she is recovering from a major operation and her health will not permit her attending court at this time. * * *"

No affidavit of a physician was presented, and no proof offered that the trial court had ordered and directed said witness to attend from an adjoining county. Hudson v. State, 20 Okla. Cr. 435, 203 P. 482. Oklahoma Statutes 1931, sec. 3024, O. S. A. title 22, sec. 715.

At the time the trial was commenced defendant announced ready for trial and made no request for an attachment or assistance to produce said witness, and it further appeared that the evidence of the witness would have been only cumulative to the testimony of other witnesses seeking to establish an alibi which was the only defense offered by defendant. The court in our opinion did not err in overruling the motion for continuance and to which no exception was taken at the time. Bradshaw v. State, 18 Okla. Cr. 619, 197 P. 715; Pusley v. State, 22 Okla. Cr. 192, 210 P. 306; Smith v. State, 36 Okla. Cr. 9, 251 P. 507; Davis v. State, 44 Okla. Cr. 141, 279 P. 976; Litchfield v. State, 8 Okla. Cr. 164, 126 P. 707, 45 L.R.A., N.S., 153.

This court has uniformly held that an application for continuance is addressed to the sound discretion of the trial court, and unless there is an abuse of such discretion, the judgment will not be reversed on appeal. Lane v. State, 65 Okla. Cr. 192, 84 P.2d 807; Gorum v. State, 67 Okla. Cr. 75, 92 P.2d 1086.

In the instant case there was a failure to comply with the statute, as will be seen from a reading thereof. Oklahoma Statutes 1931, sections 397 and 3055, O. S. A., title 12, sec. 668, and Oklahoma Statutes Annotated, Title 22, sec. 584.

It is next urged that the court erred in overruling defendant's motion for a directed verdict and in failing to sustain defendant's demurrer to the evidence.

The evidence reveals that the defendant was charged with the crime of burglary in the second degree and with having prior thereto been convicted of the same offense and served a term of three years in the penitentiary of this state. On the early morning of September 17, 1939, between 2 and 2:30 a. m., two newspaper reporters in the city of Tulsa were walking within half a block of Goldberg's Jewelry Store in the city of Tulsa. They heard a window crash and saw a party with his hand inside the window taking property therefrom. One of the parties started in the direction of the party. The other went to telephone the police. The party committing the burglary ran and was pursued by the reporter for some distance, and who at the time of the trial positively identified the defendant as the party whom he had seen committing the burglary. Defendant was arrested a few days later and after talking with Mr. Goldberg, whose store had been robbed, the sister of defendant returned to Mr. Goldberg 13 of the 19 diamond rings that had been stolen at the time of the breaking. Evidence was offered by the

state that the defendant on the night following the burglary had attempted to sell to certain parties "rings" at a very reasonable price. Other circumstances were offered which it is unnecessary to state.

The defendant offered as a defense what in law is known as an alibi. He claimed that he was at the Little Mayo Cafe in the city of Tulsa from 11 or 11:30 on the night of the 16th of September, 1939, until 4 a. m. on the morning of the 17th. He produced three witnesses who testified to this fact. The jury heard this evidence, which was conflicting, and were in a much better position to pass upon the same than is an appellate court.

The evidence revealed that defendant had been convicted on at least three previous occasions and had served two terms in the penitentiary, one of which was for the same offense with which he now stood charged, and the other a jail sentence. The sister of defendant testified in his behalf and stated that she had procured the rings which she had returned to the owner from an unknown person whom she met on the streets of Tulsa, and that she went in an automobile with him to the country where he took them from under a rock. She did not know his name or where he lived, but he stated to her that he had served time in Granite with her brother and did not want to see him punished when he himself committed the crime. All of this evidence was for the consideration of the jury under the law.

The evidence of the witness Goldberg, whose store was burglarized, reveals that he was much more interested in the procuring of his property which was stolen than seeing that the party who committed the burglary was brought to justice. His statement made to the defendant while he was in jail was reprehensible, and the county

attorney is to be commended for his attitude in refusing to heed his recommendations in reference to the disposition of this case.

It is further contended that the sentence is excessive. The defendant was given seven years in the penitentiary by a verdict of the jury. The record reveals that he was charged as a second offender, having pleaded guilty in the district court of Tulsa county on the 11th day of January, 1935, to the crime of second degree burglary, and was sentenced to serve a term of three years in the penitentiary at McAlester. It was stipulated by counsel that this charge was true. The defendant while on the witness stand in his own behalf testified on cross-examination that he had been convicted of receiving stolen property in 1933 and had received a sentence of two years in the penitentiary at Granite, and that he was convicted of arson at Gerard, Kan., in 1929, and served a jail sentence. See the case of Spann v. State, 69 Okla. Cr. 369, 103 P.2d 389, in which Judge Jones gives a full discussion of the penalty to be inflicted under the statute where one is charged as a second offender. The defendant in this case, having been found guilty as a second offender by the jury as charged in the information, could have been given a minimum of ten years in the penitentiary when the jury found him guilty of the commission of the crime with which he was charged. Oklahoma Statutes 1931, sec. 1817, O. S. A. title 21, sec. 51. Under the facts and circumstances as above outlined we are not in a position to say that the judgment and sentence rendered in this case is excessive.

It is therefore ordered that the judgment of the district court of Tulsa county be affirmed.

JONES, J., concurs. DOYLE, J., absent.