# FLOWERS v. STATE.

No. A-11619. Dec. 10, 1952.

(251 P. 2d 530.)

192

Donald M. Flowers, pro se.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for plaintiff in error.

BRETT, P. J. This is an appeal by Donald M. Flowers, pro se, defendant below, wherein he was charged by information in the district court of Kay county, Oklahoma, with the crime of burglary allegedly committed in Ponca City, Oklahoma, in said county on or about December 14, 1947. In the information the defendant was charged with having burglarized the Western Union Telegraph offices, breaking in the safe contained therein and removing the cash contents in the sum of approximately $475. The defendant was tried by a jury, convicted, his punishment fixed at 2 years in the penitentiary and judgment and sentence entered accordingly, from which this appeal has been perfected.

The facts leading up to this appeal are substantially as follows. On January 30, 1948, the defendant, Flowers, entered his plea of guilty to the charge as alleged in the information, and at the same time entered a plea of guilty to a charge of kidnapping as alleged in another information in another case. On the plea of guilty to the burglary charge he was sentenced by the trial court to 5 years in the penitentiary. On the kidnapping charge he was sentenced to the penitentiary for 20 years. Thereafter the petitioner instituted an original action in habeas corpus in both of the cases in which he received said sentences, and an appeal in both cases was likewise perfected. Both the habeas corpus and appealed cases were consolidated in this court under Flowers v. State, 90 Okla. Cr. 390, 214 P. 2d 728, 736. Therein this court in reversing said cases said:

"It is therefore ordered that the judgment and sentence in criminal cases number 3489 and 3490 in the District Court of Kay County, and all proceedings in said cases subsequent to the filing of the information against the accused, be and the same are hereby vacated and set side.

"It is further ordered that the Warden of the penitentiary deliver the petitioner, Donald Flowers, to the custody of the Sheriff of Kay County, and that he be held in the Kay County jail in accordance with law, pending his arraignment on the charges pending against him."

We are only concerned with the appeal herein in case No. 3490, for burglary.

This matter came on for proceedings to a new trial by arraignment on the information as originally filed on February 18, 1950, at which time the defendant entered his plea of not guilty. The defendant was represented by able counsel at said arraignment and throughout the entire proceedings. Thereafter, on February 23, 1950, the defendant by aid of counsel filed an application for leave to withdraw his plea of not guilty, and for a preliminary hearing, said application being in substance as follows, to wit:

"Comes now the defendant, Donald M. Flowers, and requests the court to exercise its discretion allowing the defendant to withdraw his plea of 'not guilty', and direct that defendant be remanded to the County Court of Kay County, Oklahoma, for a Preliminary Hearing for the following reasons:

"1. That although the defendant waived a preliminary hearing in the original trial, it was not his free and voluntary act, being greatly influenced at the time by the coercion, duress, and promises of the police officers in whose custody he was held.

"2. For the same reasons the defendant did not have the benefit of counsel, and therefore was not properly advised of his legal rights.

"3. Defendant has had no opportunity to confront the witnesses accusing him of crime, nor has he knowledge of any facts which would induce the County Court to conclude there is reasonable cause to believe defendant is guilty of the crime of which he is accused.

"4. In the original proceedings defendant was at no time acting freely and voluntarily, but was constantly subject to the restraint, coercion, brutality and fear of the police officers, as is shown by the affidavit included in the decision of the Criminal Court of Appeals on rehearing."

The trial court in exercise of its discretion overruled said application, without an exception being taken to his action. Thereafter the defendant demurred to the information, which was likewise overruled, with an exception allowed defendant. Again, on January 19, 1951, the defendant by aid of counsel re-filed an identical application for leave to withdraw his plea of not guilty and for a preliminary hearing, which was overruled with exceptions. Thereafter a motion for continuance was filed on January 21, 1951, reading in substance as follows, to wit:

"Comes now the defendant and moves the court to continue said case and strike the same from the present jury assignment and in support thereof, shows to the Court:

"1. That defendant had been represented by J. H. Hill under appointment of this court, and that on the 22nd day of January, 1951 upon application of said J. H. Hill permitted him to withdraw as said attorney by reason of illness, and appointed Raymond A. Trapp to assist in the defense of this action. That defendant's attorney was not able to contact said J. H. Hill until January 26, 1951, to secure the information from said J. H. Hill as to the witnesses for the defendant.

"2. That by reason thereof said attorneys were unable to cause to be issued and served summons on said witnesses, they all residing out of Kay County; that

some of said witnesses have moved from the addresses at which they resided at the time this cause was previously set for trial, and that because of the shortness of time, defendant has been unable to determine the present addresses, but defendant should be able to locate said witnesses and have them present at the next term of this court; that defendant is now under sentence in the penitentiary and been unable to locate his said witnesses or to furnish his attorneys with any information in regard to them.

"3. That in support of said motion defendant attaches hereto his affidavit as required by law."

In this connection the record discloses that the defendant was arraigned as hereinbefore set forth on February 18, 1950, at which time he was represented by Joe Burns, Jr. Later J. H. Hill became one of his attorneys, and together with Burns and Hill on April 14, 1950, demurred, which was overruled. The case was finally set for trial on May 15, 1950, at which time Burns withdrew as attorney for the defendant, and Chester L. Armstrong, Jr., was appointed by the court as attorney for the defendant. It appears that thereafter, on the 22nd day of January 1951, Hill likewise withdrew as attorney for the defendant, at which time the court appointed Raymond A. Trapp to assist Chester Armstrong, Jr., in the defense of the defendant. The case was then re-set for trial for January 30, 1951. One day before trial on January 29, 1951, the attorneys, Armstrong and Trapp, filed a motion for continuance as hereinbefore set forth. The record discloses that Chester L. Armstrong, Jr., who signed the motion for continuance, had been the attorney in the case since May 15, 1950, and that during all of said period of time he, together with Raymond A. Trapp, from the 22nd day of January 1951, had ample time to subpoena the necessary witnesses for the defendant.

On January 30th pursuant to assignment. the said case came on for trial. In said proceedings the court admitted into evidence the signed written confession made by the defendant on December 30, 1947, while he was confined in the county jail at Nowata, Oklahoma, in which he admitted the burglary of the Western Union Telegraph office in Ponca City, Oklahoma, said confession being in words and figures as follows, to wit:

"I, Don Flowers, do hereby confess to the robbery and looting of the Western Union Office in Ponca City, the early morning of Dec. 14, 1947. I had an accomplice, whose name is unknown to me. We made an entry to the office by using a tire tool and a small nail bar. The safe was sitting under the counter. I opened it myself taking approximately $475.00. We were parked a Block south of the Western Union, on the east side of the street. Part of this was in checks, and my accomplice took them. I make this confession of my own free will and without any force being put on me.

"I opened this safe by knocking the combination off, and punching the Spindle and tumblers. I only hit the combination knob one time and the Spindle about 6 times, used a 14 pound hammer. I left Ponca City and went to Bartlesville, then to Tulsa."

To the admission of this confession the defendant objected on the ground that it was obtained under duress and coercion, and therefore was not voluntarily made. The defendant offered no evidence in support of this contention, but relied on the evidence of the state, which will be hereinafter examined in the discussion of this contention.

The defendant likewise complains that the court refused to give his requested instructions 1 and 2, being in substance, first, the proposition of whether or not the confession was procured or induced by promises, directly or indirectly made, that such confession would result in the defendant's benefit and advantage, or whether if made as a result of force, fear, etc., the confession would be inadmissible, and, second, that the force, fear, etc., need not be the act of the person or persons

to whom such confession was made, if the same was induced by fear of violence, etc., of other persons at the time taken, said confession would be involuntary and inadmissible. The foregoing constitutes the basic part of the record for this appeal.

The first contention of the defendant is that the court erred in overruling his application for withdrawal of his plea of not guilty and for a preliminary hearing. In the application therefor it was recognized that the withdrawal of his plea of not guilty was directed to the trial court's discretion. Moreover, it appears therein that the defendant admittedly waived a preliminary hearing in the original trial and before entering his plea at the second trial. Nevertheless, he contends that his plea herein was not voluntarily made but was made and entered as a result of coercion, duress and promises from the police officers of Kay county in whose custody he was being held. The record discloses that no evidence was offered in support of the allegations contained in either of said applications. It is pertinent to note that this contention was not raised by the defendant until he was arraigned and entered his plea of not guilty at the second trial. The proper time to have raised this issue was at least on February 18, 1950, by motion to quash the information, before entering his plea of not guilty. Ex parte Owen, 82 Okla. Cr. 415, 171 P. 2d 868:

"The manner of challenging jurisdiction because no preliminary examination was had is by motion to quash or set aside the information before entering a plea on the merits."

The right to a preliminary hearing was admittedly waived by aid of counsel. Ex parte Pruitt, 89 Okla. Cr. 312, 207 P. 2d 337, 338:

"The constitutional provision, art. 2, § 17, Okla. Const., that no person shall be prosecuted for a felony by information without having had a preliminary examination is in the nature of a personal privilege for the benefit of the accused which may be waived by him."

It is well to observe that the defendant does not contend that at the time he entered his plea of not guilty on the second trial, he was under any threats, duress or coercion, or was motivated by promises. We are not concerned herein with what occurred at the defendant's first arraignment. Those matters were settled in Flowers v. State, 90 Okla. Cr. 390, 214 P. 2d 728. We are only interested in what occurred on the second arraignment, and trial thereafter. Nevertheless, it appears that twice the defendant waived his right to demand a preliminary hearing. First, by entering a plea of not guilty in the original proceedings, and second, by failure to attack the trial court's information by motion to quash because of no preliminary hearing before this second arraignment and plea of not guilty, after reversal by this court of the first conviction. It is therefore apparent that there was no abuse of discretion by the trial judge in overruling the unsupported application for leave to withdraw the plea of not guilty and order a preliminary hearing. See, in this connection, Flowers v. State, 90 Okla. Cr. 390, 214 P. 2d 728 and 95 Okla. Cr. 27, 238 P. 2d 841. It is well to here observe that the failure to pursue this remedy cannot be due to lack of experience for in addition to the cases last cited, see, In re Flowers, 71 Okla. Cr. 330, 111 P. 2d 509, wherein it appears the defendant had much prior experience in courtroom procedure.

The defendant's second contention is that the trial court erred in not granting him a continuance. The motion for continuance, it appears, was filed on January 29, 1951, one day before trial. The motion in support thereof was unverified by counsel or by the defendant, and was supported only by the affidavit of the defendant himself. An examination of this affidavit shows a total lack of an attempt to subpoena any of said witnesses or take the depositions of any of them

for use at the trial. Moreover, it does not appear from the affidavit that the witnesses would be available in event the requested continuance was granted. Furthermore, no oral evidence was offered in support thereof showing the exercise of due diligence in an effort to procure the presence of the alleged witnesses or an effort to take their depositions without success. Furthermore, the defendant's affidavit shows that 4 days before tiral he was notified that one of the witnesses named in the affidavit, Lillian Walters, was ill and would not be available at said time, nor at any time subsequent thereto was a subpoena issued for her. As to Mrs. Lola Betterton, defendant's affidavit shows that she was subpoenaed at the former setting of this cause without success, and in said affidavit it is not made to appear that any greater success would result in the event of a continuance. It is not even alleged that her present whereabouts are known, and it further appears that her location is made entirely contingent upon the proper spelling of her name. As to witness Trittheart, the defendant's affidavit shows the whereabouts of this witness is not even known and that no subpoena had ever been issued for her or an attempt made to take her deposition. As to witness Louise Paris, the affidavit does not allege her whereabouts is known and her availability as a witness is predicated upon the location of Lola Betterton. It is apparent from said affidavit that procurement of said witnesses was purely speculative. The failure to subpoena these witnesses or take their depositions cannot be predicated upon the proposition that the defendant was without aid of counsel for the record herein set forth discloses that Chester L. Armstrong, Jr., had been of counsel since May 15, 1950, and that Raymond A. Trapp had been representing the defendant from January 22, 1951, more than 8 days before trial. Hence, we cannot say the trial court abused its discretion in overruling said motion for continuance. In Lizar v. State, 82 Okla. Cr. 56, 166 P. 2d 119, 120, this court said:

"The granting or overruling of a motion for continuance is largely within the discretion of the trial court, and the same will not be set aside unless the appellate court is of the opinion that such discretion has been abused.

"In support of a motion for continuance by reason of the absence of a witness, it is necessary to show that due diligence has been exerted to procure the attendance of the witness. When this is not shown, it is not error for the court to overrule the motion for continuance."

Further, in Jackson v. State, 72 Okla. Cr. 226, 114 P. 2d 953, it was said:

"Where a continuance is asked on account of the absence of a sick witness, proof should be made that the witness is sick and unable to attend the trial, and there is a reasonable probability that such witness will be able to attend at the time or term to which a continuance is asked, and where there is no such showing, there is no abuse of discretion in overruling the motion."

In the body of the opinion, it was said:

" 'That one of the witnesses above named is Marie Berry who lives some five miles west of Sapulpa, Oklahoma, at the Sapulpa Country Club who has been subpoenaed but cannot attend court at this time for the reason she is recovering from a major operation and her health will not permit her attending court at this time * * *'.

"No affidavit of a physician was presented, and no proof offered that the trial court had ordered and directed said witness to attend from an adjoining county. Hudson v. State, 20 Okla. Cr. 435, 203 P. 482. Oklahoma Statutes 1931, Section 3024, Oklahoma Statutes Annotated, Title 22, section 715."

In Rucker v. State, 64 Okla. Cr. 259, 79 P. 2d 629, 630, it was said:

"It is not error to overrule an application for a continuance on account of the absence of a witness, where diligence to procure the attendance of such witness is not shown.

"The granting or refusing a continuance in a criminal case is largely a matter within the discretion of the trial court, and in reviewing the refusal of a continuance asked on account of an absent witness, the evidence adduced at the trial will be considered by this court for the purpose of determining whether the alleged testimony was probably true, and this court will not reverse the judgment of the trial court upon its action in a matter of discretion, unless there appears a plain abuse of such discretion."

Herein there was no evidence offered in support of the motion at time of trial and as hereinbefore pointed out it was supported only by the defendant's ex parte affidavit without the aid of cross-examination. Furthermore, the record made at the trial shows that the things it was alleged in the affidavit to which the witnesses would testify would probably not be true. In Prescott v. State, 56 Okla. Cr. 259, 37 P. 2d 830, it was said:

"An application for continuance is addressed to the sound discretion of the trial court, and when such application is based upon the proposition that counsel have had insufficient time to prepare for trial, this court will review the record and consider all the circumstances in connection with the employment or appointment of counsel from the time the arrest was made, and when it is made to appear that capable lawyers have represented the defendant in the preliminary trial, and when the defendant was called for arraignment without counsel the court appointed a reputable member of the bar to defend the defendant, but that no effort had been made to prepare for trial until the time the case was set for trial, a reversal will not be granted on the ground that the court abused its discretion in refusing a continuance for the term or an indefinite time."

In light of the foregoing observations and the authorities, it clearly appears that the trial court did not abuse its discretion in refusing the requested continuance under the record made in support thereof.

Next, the defendant contends that the trial court erred in admitting his written signed confession in evidence. It is his contention said confession was not voluntary. This contention is supported only by his allegation in his brief in regard thereto. Testimony as to whether the confession was voluntary was taken out of the hearing of the jury by the trial court before submitting the confession and the evidence in relation thereto to the jury was in substance as follows: Sheriff Turner of Nowata county testified in relation to taking the defendant's confession by the police officers from Kay county, Oklahoma, that he heard no threats or promises or was any force used by Police Chief D. F. B. Harsh of Ponca City, or Sheriff Roy Welch of Kay county, Oklahoma.

Police Chief Harsh testified that he and Sheriff Welch went to the Nowata county jail at the time in question, arriving at night time. He related that the petitioner Donald M. Flowers was advised of his rights in relation to giving a confession. This advice was in substance that he was entitled to the aid of counsel, that he was not required to make a statement and that it could be used against him if he did give one. The sheriff further related that notwithstanding that advice, the petitioner was very co-operative and stated he wanted to make a statement, and that they did at that time listen to him make an oral confession in which he related the incidents as contained in his subsequent written confession. It appeared to the officers when he was making his oral confession he was under the influence of intoxicating liquor and they refused to reduce the confession to writing until the next day. The record shows that on the next day he was again advised of his rights to refuse to make a statement and of his right to aid of counsel and his right to refuse to make a confession, and that without any promises, threats or force being used on either occasion, he wrote out the foregoing confession in his own handwriting and signed it in the presence of the officers whose names appear thereon as witnesses. Chief of Police Harsh further related that the petitioner complained of the sheriff of Rogers county

at Claremore, Oklahoma, having beaten him and he said that the petitioner made no complaint about the treatment accorded him by Sheriff Turner, in fact, he stated Sheriff Turner had treated him good. The petitioner made no complaint about the treatment accorded him by the officers from Kay county prior to or at the time they took his confession.

Sheriff Roy Welch of Kay county, Oklahoma, corroborated Chief Harsh in regard to the foregoing testimony. The defendant did not testify to the contrary, and offered no witnesses who testified to the contrary.

Under this evidence there could be but one conclusion that the confession was the defendant's voluntary act uninduced by promises, threats, duress or coercion. Said confession is admissible in evidence. There was no evidence to the contrary. This evidence was given anew in the presence of the jury and the confession was admitted in evidence. The defendant himself did not testify to the contrary. The law requires nothing more for its admissibility. Robinson v. State, 71 Okla. Cr. 75, 108 P. 2d 196. The burden is on the defendant to show that the confession was involuntary unless the evidence of the state so shows. Pressley v. State, 71 Okla. Cr. 436, 112 P. 2d 809. Here the evidence of the state negatives the charge that the confession was not voluntarily made.

Finally, the defendant urges the trial court erred in not giving his requested instructions 1 and 2. The record discloses in this connection, that the court's instructions 5 and 6 substantially covered the request of the defendant in his requested instructions 1 and 2. It has been repeatedly held that it is not error for the court to refuse to give a requested instruction where the general instructions given by the court fully and fairly covered the law as applied to the issues of the case. Wheeler v. State, 66 Okla. Cr. 127, 90 P. 2d 49; Bourns v. State, 57 Okla. Cr. 377, 48 P. 2d 353; Schmitt v. State, 57 Okla. Cr. 102, 47 P. 2d 199; Sullivan v. State, 56 Okla. Cr. 250, 37 P. 2d 655. The trial court's instructions 5 and 6 clearly covered the issue that the confession must have been voluntarily made by the defendant, and that the same must not have been procured or induced by any promises, directly or indirectly made to the defendant, that such confession would result in the defendant's benefit or advantage, or that the same was obtained as a result of force, fear, oppression or coercion on the part of the officers to whom the confession was made, or have been obtained in such manner on the part of any other person. Such was the substance of the defendant's requested instructions 1 and 2. It was not error to refuse to give the said requested instructions. By reason of all the foregoing the judgment herein is accordingly affirmed.

JONES and POWELL, JJ., concur.