Jerry Glenn MILLER, Petitioner,

v.

Park W. ANDERSON, Warden, Oklahoma
State Penitentiary, and the State of
Oklahoma, Respondents

Civ. No. 72–C–92.

United States District Court,
N. D. Oklahoma,
Civil Division.

Aug. 2, 1972.

L. G. Hawkins, Sapulpa, Okl., Delbert Brock, Tulsa, Okl., for petitioner.

H. L. McConnell, Oklahoma City, Okl., for respondents.

## MEMORANDUM OPINION AND ORDER

DAUGHERTY, District Judge.

Petitioner Jerry Glenn Miller was convicted of two charges of murder and three charges of assault with intent to kill in the Osage County District Court without a trial and pursuant to his pleas of guilty to said charges. He seeks relief in this Court claiming violations of his Constitutional rights.

Petitioner has applied for and been denied post-conviction relief by the State trial and appellate courts. Miller v. State, 492 P.2d 370 (Okl.Cr.1971). He presents to this Court the identical grounds presented in the State proceedings. Petitioner therefore has complied with 28 U.S.C.A. § 2254(b) relating to exhaustion of State remedies.

The Respondents have caused the entire transcript of Petitioner's evidentiary hearing under the provisions of 22 Okl.St.Ann. § 1080 et seq. and the evidentiary exhibits presented in that hearing before the State trial court to be attached to their Response. In addition, the Respondents have presented to the Court for its consideration the files and records of the proceedings relating to Petitioner's pleas of guilty here attacked. The Court thus has before it all records of proceedings previous to the instant one which are related to Petitioner's claims asserted herein. Both Petitioner and Respondents ask the Court to determine the questions raised by Petitioner's claims on the basis of the records presented, all in accordance with 28 U.S.C.A. § 2254(d). Petitioner does not question the validity of the post-conviction proceedings.

Petitioner claims the following acts of the State of Oklahoma denied him rights guaranteed by the Federal Constitution and thus render his conviction void:

1. The State failed and refused to provide him with counsel at critical stages of the proceedings against him.

2. The State failed to afford him a preliminary hearing on the charges brought against him.

3. The State obtained his confessions to the crimes with which he was charged through force and fear.

4. The Osage County District Court in which his pleas of guilty to the charges on which he was convicted was without jurisdiction of the cause in that no preliminary hearing had been afforded Petitioner.

5. The State induced his pleas of guilt through force, fear and violence.

The records show that Petitioner was living at the home of Joe and Freda Moreland, Petitioner's brother-in-law and sister, and their three minor children in Wynona, Oklahoma on March 19, 1959. That evening, after the family and Petitioner finished supper, Petitioner appeared in the doorway of the living room where the rest of the family were watching television and fired nine shots in rapid succession from a .22 calibre revolver. Two shots struck Joe Moreland

above his left eye and he died instantly. The next two shots struck Freda Moreland in the head, the first shot to the left of her eye and the second shot behind her left ear as she turned and fell to the floor. The next shot struck Frances Louise Moreland, aged 18 months, in the neck, severing her spinal cord and causing her immediate death. The other two children of Joe and Freda Moreland were wounded by subsequent shots. Freda Moreland and the two wounded children survived their injuries.

Petitioner fled and was apprehended in the early morning hours of the next day. After his arrest, he was brought to the office of the County Attorney for Osage County where he gave a statement. He was then taken before the Justice of the Peace Court for Osage County and informed of the two murder charges against him. On March 23, he gave another statement to the County Attorney and was taken before the Justice of the Peace Court for Osage County and informed of the three assault charges against him. He waived preliminary examination in all five cases. On March 30, 1959, counsel was appointed by a judge of the District Court and on April 1, 1959, the Petitioner was ordered committed to the Northeastern State Hospital at Vinita, Oklahoma for a determination of the state of his mental health.

Petitioner entered his pleas of guilty to the crimes charged on August 10, 1959. The transcript of those proceedings shows that Petitioner was thoroughly and personally examined by the Court respecting the voluntariness of his pleas. Transcript of August 10, 1959, pp. 22–24; Appeal Transcript of Evidentiary Hearing, pp. 194–196. Voluntariness was reexamined in the post-conviction proceeding some eleven years later. The Petitioner testified that his pleas on August 10, 1959 were induced by threats by the County Attorney and Undersheriff Hull on or about March 20 or 23, 1959. Appeal Transcript of Evidentiary Hearing, pp. 548, 550. Petitioner also testified that threats were subsequently made against his life at the time of a jail break in late May, 1959, after his return from Northeastern State Hospital. Appeal Transcript of Evidentiary Hearing, pp. 572–573, 614. Both the County Attorney and Undersheriff Hull denied making any of the threats alleged by Petitioner. Appeal Transcript of Evidentiary Hearing, pp. 650–656, 659–661, 700–701. This issue of fact, lying wholly in the credibility of the witnesses involved, was resolved against the Petitioner by the trial judge. Appeal Transcript of Evidentiary Hearing, pp. 788–790.

■ Under the provisions of 28 U.S.C.A. § 2254(d), once due proof of the contested factual determination has been made in this Court and none of the first seven enumerated circumstances of § 2254(d) appear, the Petitioner has the burden of establishing by convincing evidence that the evidentiary record does not fairly support the determination made. Petitioner does not urge, Respondents do not admit nor does it appear that any of the first seven enumerated circumstances of § 2254(d) are present in this case. Petitioner presented no evidence, convincing or otherwise, that the evidentiary record does not fairly support the factual determination that his pleas of guilty were voluntary. Thus, the findings of the Osage County District Court, by the force of 28 U.S.C.A. § 2254(d), are presumed to be correct and the Court finds them to be correct and to be fairly supported by the record of those proceedings.

■ A voluntary plea of guilty waives all nonjurisdictional defects in proceedings preliminary thereto. Corn v. State of Oklahoma, 394 F.2d 478 (Tenth Cir. 1968). A voluntary plea of guilty is, in and of itself, a conviction and nothing remains to be done but impose sentence. Boykin v. Alabama, 395 U.S. 238, 69 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

■■ As to the failure of the State to provide Petitioner with counsel at critical stages of the proceedings against

him, it has been held that a preliminary hearing (under Alabama procedure, which differs from Oklahoma procedure) is a critical stage at which counsel must be present. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). Nevertheless, that ruling was held not retroactive and does not apply to cases arising prior to June 22, 1970. Adams v. Illinois, 405 U.S. 278, 92 S. Ct. 916, 31 L.Ed.2d 202 (1972). The claimed failure to provide Petitioner with counsel at the preliminary hearings on March 20 and 23, 1959 is not error of constitutional dimension and further was waived by Petitioner's pleas of guilty seven months later. Cindle v. Page, 452 F.2d 752 (Tenth Cir. 1971). The failure to provide counsel was remedied within ten days of Petitioner's arrest and Petitioner had ample opportunity to prepare for trial with the advice and assistance of counsel. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

■■ As to the confessions allegedly obtained under coercive circumstances, it is clear that as no trial of Petitioner's crimes took place, they were never used against him. This defect, if any, was likewise waived by the Petitioner's voluntary pleas of guilty. In addition, the Osage County District Court found such confessions to have been voluntarily given. Appeal Transcript of Evidentiary Hearing, pp. 785–786. Under the provisions of 28 U.S.C.A. § 2254(d) explained previously, such finding is correct and is fairly supported by the record of the post-conviction proceedings.

■ With respect to Petitioner's claims involving a failure to afford him a preliminary examination, it appears that his voluntary plea of guilty waived such defect. Pearce v. Cox, 354 F.2d 884 (Tenth Cir. 1965). The right to a preliminary examination is not itself a constitutional right, and becomes one only through the application of the Fourteenth Amendment. Guerra v. Rodriguez, 372 F.2d 472 (Tenth Cir. 1967). While guaranteed by the Constitution of the State of Oklahoma, Art. 2, § 17, under the practice of the state it is waived by entry of voluntary plea. Flowers v. State, 96 Okl.Cr. 191, 251 P.2d 530 (1952). There being no federal constitutional right to a preliminary examination and Petitioner having waived his state right to such examination by his voluntary pleas of guilty, his claim in this regard does not present grounds for relief.

The Petition for Writ of Habeas Corpus of Jerry Glenn Miller is denied and dismissed.