## HARRY RILEY v. STATE.

No. A-6672.   Opinion Filed July 21, 1928.
(269 Pac. 377.)

Brown Moore and Guy P. Horton, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted on a charge of selling one quart of whisky to J. H. Harden, and sentenced to pay a fine of $50 and be imprisoned in the county

jail for 30 days. The record was properly saved, and defendant has appealed from the judgment.

To properly determine the questions presented, it is necessary to set out the substance of the testimony and the names of those who testified on behalf of the state.

J. H. Harden testified that he lived at Wichita, Kan.; that his business was a special investigator; that he knew the defendant, Harry Riley; that he saw him on the 1st day of August, 1926, at his home in Payne county, Oklahoma; that he went to the defendant's home and bought a quart of whisky from him. "I went to the house and asked for Harry Riley. He said he was Harry Riley, and I told him I wanted whisky. He said, 'Boy, I have some whisky, but I don't know you.' He says, 'Who do you know?' and I said, 'I don't know a soul.' I said 'If you are afraid of me, you can go search everything.' We went out to the barn, but he did not go through things. We went back and sat on the porch and talked 20 or 30 minutes, and finally defendant said, 'I am going to take a chance on you; meet me right west of the house, about 100 yards, five minutes from now.' He met me down there with a quart fruit jar of whisky. I gave him a $5 bill and went on west. A. E. Smith was with me." On cross-examination, the witness stated that he had taken a little drink the morning he went to defendant's house; that he was being paid by the county of Payne $10 a day and expenses, which included hotel bills.

A. E. Smith, called as a witness, testified he was with the witness Harden at defendant's home the time mentioned by Harden, and it was about 8 o'clock in the morning; that his home was at Wichita, Kan.; that he heard Harden tell the defendant a lie about trying to get the whisky. Smith testified that he was a special investigator. When asked by defendant's attorney,

"What other name do you go by?" he answered, "These jack-leg lawyers call us most anything. Q. What other name do you go by? A. I am called a snitch by people like you."

The defendant in his own behalf testified as to the length of time he had resided in the place where the witnesses claim to have bought the whisky, and testified that a Mr. Brunley was at his house during all the time the witnesses were there, and that he did not sell witness Harden any whisky; that the witness Harden was not drunk, but he had been drinking.

Amy Brunley was called as a witness on behalf of the defendant, and testified that he was at the defendant's home when the witnesses Harden and Smith came; that he had gone there a few minutes before they came; that defendant talked to them for a while, but did not leave his home and go anywhere with them, and that he remained at defendant's home during the time witnesses were there; that he had gone to the defendant's home that morning to get him to go over and help him doctor a cow.

A number of witnesses testified to the reputation of the defendant being good.

In rebuttal the state recalled the witness Harden and attempted to show what defendant had told when they came—that he had just been over to another place doctoring a cow, and had just returned. A. E. Smith, also recalled, testified that the defendant told them he had just returned from doctoring a cow. This is in substance the testimony of the state and defendant.

The witnesses for the state being what are generally known as special hired men to induce men to violate the law, they are nonresidents of the county in which they testified, and the state. When the information was

filed against the defendant, the defendant served notice on the county attorney that on a certain day he would make application to the court for a commission to take depositions of certain witnesses who resided in the state of Kansas, giving the names of the witnesses, and the reason for taking the depositions. The application was heard by the court and denied, and the defendant filed a second application, supported by affidavits of the witnesses whose depositions he wished to take in Kansas, asking for a commission to take the depositions, and stating that he desired to prove by the witnesses that the reputation of J. H. Harden and A. E. Smith, in the community in Kansas where they lived, for truth, was bad. When the notice was served on the county attorney, it appears from the record that the county attorney took the time, and he and the sheriff made a trip to Kansas, where these witnesses resided, and undertook to investigate as to what the witnesses that were named by the defendant would testify to, and they returned and filed an objection to the application of the defendant for a commission to take depositions in Kansas, and alleged that certain witnesses named by the defendant would not testify to the facts defendant alleges they would testify to; but he does not attach an affidavit to his objection to the granting of defendant's application, nor does he swear to his statement objecting to the application. The court denied both applications of the defendant for a commission to issue, directed to some person, to take the despositions of witnesses who were nonresidents of the state. Defendant duly excepted, and filed a motion for continuance until he could get a commission to take depositions which he alleges to be material to his defense. The motion for continuance was overruled, and defendant duly excepted.

The defendant has assigned several errors alleged

to have been committed by the trial court, the first being as follows:

"(1) That the court erred in denying both of the applications of the defendant for a commission to take depositions by interrogatories, in the state of Kansas, to which ruling of the court the defendant at the time and in the record excepted."

Section 2853, C. O. S. 1921, is as follows:

"When an issue of fact is joined upon an indictment or information, the defendant may have any material witness residing out of the state examined in his behalf as prescribed in this article and not otherwise."

Section 2854, C. O. S. 1921, provides the manner of making application to the court to secure an order of the court providing for a commission to be issued to take depositions. Section 2855, C. O. S. 1921, of the same statute, provides the manner in which the application shall be made and the grounds to be set forth in the applications, and section 2856, C. O. S. 1921, provides for the number of days' notice to be given the county attorney before the hearing. Section 2857, C. O. S. 1921, is as follows:

"If the court or the judge to whom the application is made, is satisfied of the truth of the facts stated and that the examination of the witness is necessary to the attainment of justice, an order must be made that a commission be issued to take his testimony, and the court or judge may insert in the order a direction that the trial be stayed for a specified time reasonably sufficient for the execution of the commission and return thereof, or the case may be continued."

The question to be determined in this case under the law is: Was it an abuse of discretion of the court in refusing to issue a commission directed to a proper person to take the depositions of the witnesses stated in defendant's application? In determining that, we will

briefly review the facts as to that part of the record in this case. The two witnesses for the state, being non-residents and specially employed, resided in Kansas, and the defendant filed his application asking for the issuing of a commission, stating all of the statutory requirements, and stating that by certain witnesses he could prove that the reputation of J. H. Harden and A. E. Smith, witnesses for the state, was bad in the community in which they lived in Kansas for truth and veracity, and supported his application by.an affidavit of the witnesses whose depositions he desired to take. This was resisted by the county attorney, but no affidavit appears in the county attorney's objection. Statements alleged to have been made by the witnesses and sworn to are made, but the objection of the county attorney is not sworn to by any one. The testimony desired, if true, was material to the defense of the defendant, and he was entitled to have the testimony by following the statute in attempting to secure the same, and the verdict of the jury may have been different to the verdict they returned, had the defendant been able to show by the witnesses he named in his application that the reputation of the witnesses for the state was bad for truth and veracity.

In Owen v. State, 13 Okla. Cr. 195, 163 P. 548, this court said:

"Under our procedure criminal the defendant has the right to take the deposition of any material witness residing out of the state, and this only when an issue of fact is joined upon an indictment or information."

And further the court said:

"Continuance ought always to be granted when, from the showing made, justice requires it, this to enable the defendant to procure all legal and competent evidence necessary for the fair presentation of his defense, if he has used due diligence to obtain the same."

In Ennis v. State, 13 Okla. Cr. 675, 167 P. 229, L. R. A. 1918A, 312, the court cites with approval the case of Owen v. State, supra. In the case of Westbrook v. State, 14 Okla. Cr. 423, 172 P. 464, the record shows that the defendant entered his plea on March 7, 1916, and his case was assigned for trial March 14. On March 13, defendant filed application for commission to take deposition of nonresident witnesses, which was denied by the court on the same day, and the case was called for trial on March 15, and defendant filed a motion for continuance, which was overruled. This court, in passing on the question, says:

"We are inclined to think that, if counsel for the state refused to consent to having the facts alleged in the affidavit for a continuance read and considered as the depositions of the absent witnesses, the trial court in the exercise of a sound judicial discretion should have postponed the trial until a later day in the term in order to give the defendants the necessary time to take the depositions of the absent witnesses."

This court, in the case of Hopkins v. State, 9 Okla. Cr. 104, 130 P. 1101, Ann. Cas. 1915B, 736, in discussing the application for a continuance on account of testimony of nonresident witness, said:

"Evidently the trial court was satisfied that due diligence [had not been] shown, and the absent witness' promise to be present at the next term of court was simply a subterfuge to secure a continuance. If the defendant had exercised due diligence, he could have procured the deposition of this nonresident witness under the provisions of article 17, Procedure Criminal."

The record in this case does not disclose why the county attorney and the sheriff objected to the depositions being taken as provided by law, nor is there anything in the record to show why they could not have attended the taking of the depositions as conveniently as they could go to Kansas and make an investigation as

to what the witnesses named by the defendant would testify to. We doubt the advisability of hiring nonresidents of the state, at the expense of the county, to go into the county and solicit citizens of the county to violate the law. The parties who go out and solicit parties to sell them whisky and make false statements are law violators, and, generally speaking, the evidence procured in this way, by this class of informers, is always carefully scrutinized by the courts. In this case the witness testified to taking drinks with parties, and in answering the questions of the attorney for the defendant spoke in a sneering way as to the name they were known by: "These jackleg lawyers call us most anything," and "I am called a snitch by people like you."

In view of the testimony of the witnesses, and in view of the further fact that the defendant in this case step by step followed the law in making his application for a commission to take the depositions of the witnesses in Kansas, we hold that it was a manifest abuse of judicial discretion in overruling the applications of the defendant and refusing to issue a commission for the defendant to take the depositions of nonresident witnesses, and that the action of the court in overruling the application of the defendant was an error prejudicial to the rights of the defendant, and defendant's exception to the action of the court in overruling his motion for a continuance, in order that he might secure a commission and take the depositions of the nonresident witnesses, was well taken.

There are other errors assigned and argued by the defendant, but in the view we take of this record it is not necessary to consider them. The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.