## T. E. SULLIVAN v. STATE.

No. A-6244.   Opinion Filed Jan. 12, 1929.
(273 Pac. 372.)

H. J. Mackey, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of the crime of obtaining personal property by means of false and fraudulent representation, and was sentenced to pay a fine of $500 and imprisonment in the penitentiary for one year.   Record was properly saved, and defendant has appealed from the judgment.

The fourth, fifth, and sixth errors assigned by the defendant as grounds for reversal are that the court erred in overruling defendant's motion and affidavit for continuance; error of the court in overruling defendant's motion for continuance to take depositions of nonresident witnesses; error of the court in overruling the defendant's ad-

ditional or supplemental motion for continuance to take depositions of nonresident witnesses.

W. D. Hart, witness on behalf of the state, in substance, stated that the defendant came to his place of business to buy a Ford coupe; that he introduced himself and asked on what terms he could buy the coupe; that he told the defendant, and defendant did not close the trade that day but went away and came back about three days after the conversation; when he returned, we wanted to take a mortgage on the car for the balance of $245, and defendant did not want to give the mortgage, for the reason, he stated, he was selling oil leases and might have a chance to put the car in on a good trade; defendant gave certain references to look up; that he came to Oklahoma City and found the defendant lived at the place where he said he lived; they closed the trade and defendant stated he had a note for $1,200 that he would put up with witness as security; that defendant stated to him that the Peterson Realty Company had loaned a fellow by the name of Shirley the $1,200 on the land described in a mortgage which he claimed was given to secure the $1,200; they closed the deal on the 11th day of April, 1925, and defendant told witness that H. C. Peterson was president of the Peterson Realty Company, having offices in Oklahoma City, and that J. C. Shirley was a responsible man financially, and also resided in Oklahoma City; that J. C. Shirley had executed the mortgage on the land, which was located in Atoka county.

The state introduced additional testimony attempting to show that no such company as Peterson Realty Company or H. C. Peterson was engaged in the real estate business in Oklahoma City, as represented by the defendant, nor was J. C. Shirley financially responsible, as defendant represented him to be; and the state further introduced testimony tending to show that Shirley was not the owner

of the land described in the mortgage, which was located in Atoka county.

After the defendant was arraigned, and on October 26, 1925, when the issues were joined, the defendant filed a motion and affidavit for continuance for the purpose of taking the testimony of absent witnesses who were outside the state. The witnesses named were J. C. Shirley and H. C. Peterson. He also filed additional motion to take the testimony, in which he alleged that H. H. Thomas, Otis Malcomb, Jack Spain, S. P. Lansford, C. Methevn, and F. E. Harper were material witnesses for his defense, and asked that the case be continued for the purpose of taking the depositions. The record shows that one motion for continuance for the purpose of taking the deposition of H. C. Peterson and J. C. Shirley sets out in full what he expected to prove by the said witnesses, alleging that he could show by Peterson that he was engaged in the real estate business at the time defendant purchased the car from the prosecuting witness Hart, and that J. C. Shirley was the agent and representative of the American Manufacturing Sales Company. All of the motions of the defendant for continuing the case until he could have an opportunity to take the deposition of the witnesses named gave their post office address, and in each of the motions the allegation of the defendant was that the witnesses' testimony was material to the defense of the defendant, and in one of the motions it was specifically set out as to what the testimony of H. C. Peterson and J. C. Shirley would show, which, if true, under the theory of the prosecution in this case, that no such company as the Peterson Realty Company existed, and J. C. Shirley was not the agent of the American Manufacturing Sales Company, and not financially responsible, was material to the defendant's defense.

Notice was served on the state of the intention of the defendant to apply to the court for a commission to take

the testimony, and it is argued by the representative of the state that the defendant did not show due diligence, but it is not denied by the state that these parties had at one time resided in the city of Oklahoma City, and the state did not agree to admit that the witnesses whose depositions he desired to take, if present, would testify to the facts set up in the affidavit and motions for continuances for the purpose of taking the depositions. To the overruling of the motions of the defendant to have the case continued for sufficient time to take the depositions of nonresident witnesses, defendant duly excepted.

Section 2853, C. O. S. 1921, is as follows: "When an issue of fact is joined upon an indictment or information, the defendant may have any material witness residing out of the state examined in his behalf as prescribed in this article and not otherwise."

Section 2854, C. O. S. 1921, provides the manner of making application to the court to secure an order of the court providing for a commission to be issued to take depositions.

Section 2855, C. O. S. 1921, of the same statute provides the manner in which the application shall be made and the grounds to be set forth in the applications; and section 2856, C. O. S. 1921, provides for the number of days' notice to be given the county attorney before the hearing.

Section 2857, C. O. S. 1921, provides as follows: "If the court or the judge to whom the application is made, is satisfied of the truth of the facts stated and that the examination of the witness is necessary to the attainment of justice, an order must be made that a commission be issued to take his testimony, and the court or judge may insert in the order a direction that the trial be stayed for a specified time reasonably sufficient for the execution of the commission and return thereof, or the case may be continued."

The question to be determined in this case under the law is, Was it an abuse of discretion of the court in refusing to issue a commission directed to a proper person to take the depositions of the witnesses stated in defendant's application?

The motions made by the defendant in this case are voluminous and would not be classed as models, yet they are sufficient to justify the court in considering the same. The testimony desired, if true, was material to the defense of the defendant and he was entitled to have the testimony by following the statute in attempting to secure the same, and the verdict of the jury might have been different had the defendant been able to show by the witnesses named in the application for continuance that the Peterson Realty Company was a company doing business at the time he purchased the car, and that J. C. Shirley was the agent of the American Manufacturing Sales Company, and was a man of some financial standing. In view of the testimony of the state, and in view of the further fact that the defendant substantially followed the law in making his application for continuance to take the deposition of the witnesses, we hold it was a manifest abuse of judicial discretion in overruling the application of defendant for a continuance and refusing to issue the commission to take the depositions of the nonresident witnesses; that the action of the court in overruling the motions and application of the defendant was an error prejudicial to the rights of the defendant, and defendant's exceptions to the action of the court in overruling his application asking for a commission to take depositions of nonresident witnesses, and in overruling his motions asking for a commission to take the depositions, were well taken. Riley v. State, 40 Okla. Cr. 369, 269 P. 377.

There are other errors assigned and argued by the defendant, some of which seem to have merit, but the view

we take of this record it is not necessary to consider them.

The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.