FRANK DUNKIN v. STATE.

No. A-6674.   Opinion Filed August 3, 1929.
(279 Pac. 923.)

Brown Moore and Guy L. Horton, for plaintiff in error.

C. C. Suman, Co. Atty., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Payne county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of $200 and to be confined in the county jail for a period of 30 days.

On the 15th day of February, 1927, the defendant made application to the trial court for an order that witnesses out of the state be examined on a commission. The application was in proper form, complying in every particular with sections 2853-2856, Comp. St. 1921.   The state

made a counter showing that the witnesses would not testify to the facts stated in the application of the defendant, but made no effort to show that the evidence was not material to the defendant, and did not offer to permit the application to be read to the jury as the evidence of the absent witnesses.

Section 2857, Comp. St. 1921, provides as follows:

"If the court or the judge to whom the application is made, is satisfied of the truth of the facts stated and that the examination of the witness is necessary to the attainment of justice, an order must be made that a commission be issued to take his testimony, and the court or judge may insert in the order a direction that the trial be stayed for a specified time reasonably sufficient for the execution of the commission and return thereof, or the case may be continued."

The question to be determined in this case under the law is, Was it an abuse of discretion for the court to refuse to issue a commission directed to a proper person to take depositions of the witnesses stated in defendant's application? This court has frequently had this question under consideration, and it is no longer an open one.

In Ennis v. State, 13 Okla. Cr. 675, 167 Pac. 229, L. R. A. 1918A, 312, this court said:

"When an application for continuance for sufficient time to take the depositions of nonresident witnesses is made in accordance with these provisions, it is error to deny the same if the showing made discloses the materiality of the testimony and the necessity of the same to fairly present the defense of the accused, unless on appeal it appears from the record that the facts sought to be established were available from other witnesses within the jurisdiction of the court, or that the application was intended merely to delay the proceedings and not in order that justice may be done."

"When an application for continuance to take depositions complies in all particulars with the statute and when the showing made clearly entitles the accused to take the depositions and no issue is made by the state that the testimony is not essentially material to the defense of the accused, a postponement or a continuance should be allowed, and proper orders made by the court for the taking of the depositions as provided unless counsel for the state offer to admit that the absent witnesses would testify to the facts set out in the application, and that such application could be read in evidence in lieu of the depositions sought."

The rule laid down in the above case has been followed in Riley v. State, 40 Okla. Cr. 369, 269 Pac. 377; Russell v. State, 41 Okla. Cr. 71, 270 Pac. 339, par. 3 of the opinion; Sullivan v. State, 41 Okla. Cr. 371, 273 Pac. 372.

The application to take depositions in this case, being in proper form and being made in time, should have been granted by the trial court. The witnesses testifying against the defendant were nonresidents of the state. The defendant in his application alleged that the reputation of such witnesses for truth and veracity was bad in the community where they resided, and that he desired to take depositions for the purpose of proving that their reputation for truth and veracity was bad in that community. This evidence was material to the defense of the defendant, and the opportunity to prove the reputation of such witness was bad was a right belonging to the defendant which the court could not arbitrarily deny him.

For the reasons stated, the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.