## LOYD ROWE v. STATE.

No. A-7230. Opinion Filed May 10, 1930.
Rehearing Denied June 14, 1930.
(288 Pac. 502.)

Cruce & Potter and Sigler & Jackson, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county of the crime of grand larceny, and his punishment fixed at imprisonment in the state penitentiary for a period of six months. He appeals from this conviction.

When arraigned in the district court, defendant filed his motion to set aside the information, and alleged as a reason therefor that he had not been given a preliminary hearing. The trial court held a hearing on said motion, at which time defendant became a witness in his own behalf in support of such motion, and testified in substance that he thought he was being used as a witness against his codefendant, having been told by a deputy sheriff that he did not need an attorney and was to be used as a witness; that the county judge asked him if he had a lawyer, and he told him he did not need one; that he had never talked to the county attorney about his case and was a voluntary witness in his own behalf; that he was 25 years of age, had been in jail several times, and was out on bail from the time he was arrested until the preliminary hearing; that his brother had employed a lawyer, but that he did not think he needed him in the preliminary. The testimony of defendant does not support his contention.

In the case of Baker v. State, 9 Okla. Cr. 62, 130 Pac. 820, this court said in the body of the opinion:

"It is the right of a person put upon trial for a criminal offense to be represented by counsel. This right may be waived by the defendant, but it cannot be denied by the courts."

It clearly appears from the record that the defendant not only waived the right to counsel, but waived the right to a preliminary hearing.

The defendant next contends that the evidence is insufficient to support the verdict of the jury, in that it only proved possession by him of part of the property stolen, and that this possession is explained consistent with his innocence. The evidence of the state shows that the defendant was wearing the suit of clothes stolen, at the time of his arrest, and that he also had exclusive possession of a $35 cashier's check taken at the same time. Defendant forged the name of Haney, to whom the cashier's check was made payable, as an indorsement on said check and received the money thereon. There is not only proof of possession of the stolen goods by this defendant, but also exercise of dominion by him over said goods and appropriation of said goods to his own use. The evidence of the state was sufficient to support the verdict of the jury.

Defendant next complains that the court erred in refusing to give a requested instruction. An examination of the record discloses that the court, in instruction No. 8, gave the identical instruction requested by defendant.

Defendant complains of other errors, but they are all without substantial merit. For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.