## J. T. McKENDREE v. STATE.

No. A-10270.    April 12, 1944.

(148 P. 2d 210.)

322

Hughes & Hughes and Zink & Cunningham, all of Hobart, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, J. T. McKendree, was charged in the district court of Washita county with the crime of grand larceny, was tried, convicted and sentenced to serve one year in the State Penitentiary, and has appealed.

The evidence of the state disclosed that one Ernest Skelly, a farmer living near the town of Rocky, had left a tractor at another farm about 11 miles from the place where he resided. That on or about May 15, 1940, Skelly went to the farm where the tractor had been left and there discovered that the wheels, including the tires, inner tubes and weights appurtenant, had been removed from the tractor. The officers were notified and several days later the stolen property was located by the officers on a tractor owned and operated by one Don Milligan in adjoining Kiowa county. The proof showed that the articles which were stolen from Skelly had a fair market value in excess of $150.

Don Milligan testified that he was a farmer living near Hobart. That he cut the defendant's wheat some-

time in June, 1940, and defendant wanted to give him the tractor tires as his pay. That the tractor wheels and tires were in defendant's garage about two miles east of Hobart. The wheels would not fit Milligan's tractor, but he made a deal with defendant to give him $60 for the wheels, tires and tubes with the understanding that the wheels would be cut down to fit his tractor and welded on his machine. He agreed to give the defendant $60 for the property and pay for them out of his wheat cuttings.

Ernest Tabor testified that he was present at the public place operated by the defendant, known as the Limehouse, on the highway about two miles east of Hobart, during harvest time in 1940. That he was well acquainted with the defendant. That while he was there he overheard a conversation between the defendant and one Bill Mitchell wherein McKendree told Mitchell about selling some tires to Milligan that he had got up by Rocky. The witness further testified: "They were talking about some tires they got up by Rocky and sold them to Milligan."

The officers testified concerning their investigation of the theft and the location of the property at Milligan's farm.

For the defense Bill Mitchell testified that he did not have the conversation with defendant which was related by Ernest Tabor.

A farmer who lived near the Skelly farm testified that sometime in May, 1940, he saw a car with a trailer come by his farm with some casings sticking up above the trailer. That he did not think much about it until he later learned about Mr. Skelly losing his tires. That there were two men in the car and in his opinion neither of them was the defendant McKendree.

George Ferguson, a filling station operator north of Rocky, testified that he had seen two fellows driving by his filling station with some tractor tires. He did not pay much attention to them and could not remember whether it was a pickup built upon the back of a car, or whether the tires were being hauled in a trailer attached to a coupe. He described the appearances of the two men who were in the car very minutely. He stated that McKendree was one of his customers at his service station and that McKendree was not one of the parties in the automobile.

The wife of the defendant testified that she and defendant operated a filling station and restaurant on the highway about two miles east of Hobart. That she remembered the occasion of her husband selling the tractor wheels and tires to Don Milligan. That a short time before that, a little after dark, a man drove up to their station whom she had never seen before. That he had had the two tractor wheels with him and sold them to her husband for $25. The witness stated on cross-examination that she had been convicted of a felony. She further stated that she did not hear the conversation had between her husband and the stranger and did not know what her husband paid for the tires except what he had told her.

The defendant did not testify.

It is first contended that the court erred in overruling the motion for continuance filed by defendant. The written motion was based solely upon the alleged illness of the defendant. At the beginning of the trial counsel for defendant dictated an additional ground for a continuance on account of the absence of one Ferguson who was a material witness for the defendant. That the witness Ferguson would testify, if present, that he was in the town of Rocky on Saturday evening, May 18, 1940, and saw a

pickup answering the description of the one allegedly transporting the stolen tractor wheels drive in from the east into the town of Rocky and turn north.

A hearing was had upon the motion for continuance and medical testimony presented by the state to refute the certificate of the doctor attached to the defendant's motion concerning the physical condition of the defendant. The certificate of defendant's doctor stated that defendant had had a relapse of influenza and should be kept in bed for a few days. The certificate was dated two days before the trial. The physician who testified for the state had examined defendant the morning of the trial and stated that his temperature was normal and that in his opinion he was able to attend trial. That his pulse was up some and that possibly he could have been suffering from influenza. That he did not think that he was suffering from any illness sufficient to interfere with his trial.

As to the witness Ferguson, the county attorney admitted that if the witness were present he would testify to the state of facts as related by counsel for defendant in his motion for continuance.

After the trial had commenced and the state had rested its case counsel for defendant asked the court to adjourn until morning so as to give him an opportunity to talk with the father of the witness Ferguson who was named in the motion for continuance. The recess was taken and on the following day the father of the witness Ferguson was produced as a witness on behalf of the defendant. A short resume of his testimony has been hereinabove related. The father testified that he and his two boys were at the service station when the car with the tractor tires passed. At the time the motion for continuance was presented, counsel for defendant did not know that the elder Ferguson could be procured as a witness.

In the case of Jackson v. State, 72 Okla. Cr. 226, 114 P. 2d 953, this court held that where the evidence of the absent witness is cumulative, it was not error to overrule the motion for continuance.

The question of the physical condition of the defendant presented a question of fact for the determination of the trial court. The defendant was present all during the trial proceedings. There was nothing about his alleged illness that interfered with the trial, and, so far as the record discloses, the alleged illness of defendant did not in any way prevent a fair presentation of defendant's case. It is true that defendant did not testify, but this omission was apparently not on account of the illness of defendant. It appeared from statements made by counsel for defendant out of the presence of the jury that defendant had been in other trouble and had just recently been convicted in Caddo county of a robbery charge.

This court has uniformly held that an application for continuance is addressed to the sound discretion of the trial court, and unless there is an abuse of such discretion the judgment will not be reversed on appeal. Dutton v. State, 75 Okla. Cr. 375, 131 P. 2d 777; Gorum v. State, 67 Okla. Cr. 75, 92 P. 2d 1086; Lane v. State, 65 Okla. Cr. 192, 84 P. 2d 807. After a consideration of the record as a whole in connection with this motion, there does not appear to be an abuse of discretion.

Lastly, it is contended that the conviction is contrary to the law and evidence. It is undisputed that the wheels and tires which were found on Milligan's tractor were the ones which were stolen from the prosecuting witness. Milligan's testimony that he bought them from the defendant is also undisputed. The possession of the stolen property in this manner was traced to the defendant. The testimony of the witness Ernest Tabor connects the defendant

with the theft. Although this testimony does not make a strong case against the defendant, the weight of the evidence and the credibility to be given the witnesses was a question for the determination of the jury. The explanation by the wife of the defendant that a stranger came by the filling station in the nighttime and sold the wheels and tires to her husband was evidently not believed by the jury.

In the case of Rowe v. State, 47 Okla. Cr. 260, 288 P. 502, it is stated:

"While the possession of recently stolen property creates no presumption of law that the possessor is the thief, an inference of fact arises by reason of such possession which with other incriminating circumstances may be sufficient to convict."

In the case of Allen et al. v. State, 74 Okla. Cr. 203, 124 P. 2d 737, 738, it is held:

"In prosecution for larceny, possession of property recently stolen is evidence against defendant and when the fact of a theft has been shown and the question is whether or not the defendant committed it, his possession of the stolen goods, either sole or joint with others, at a time not too long after the stealing is a circumstance to be submitted to the jury for their consideration.

"The presumption arising from possession of recently stolen property is one of fact, not of law. It is a circumstance for the jury to consider and weigh along with all other evidence in the case. If possession is unexplained, or if it is unsatisfactorily ·explained, or the explanation, even though plausible, is not believed, jury will accord it such weight as they deem right and proper. They are the sole judge as to its weight, and when such fact with other facts and circumstances in evidence, when given due weight, satisfy jury beyond a reasonable doubt of defendant's guilt, it is sufficient to sustain verdict."

There are many other decisions of this court consistent with the above holdings.

The judgment and sentence of the district court of Washita county is accordingly affirmed.

BAREFOOT, J., concurs.    DOYLE, J., not participating.