# RICHARD ANDREWS v. STATE.

No. A-10703.    April 9, 1947.

(179 P. 2d 491.)

Garrett & Garrett, of Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Chester Norman, County Atty., of Muskogee, for defendant in error.

BAREFOOT, P. J. Defendant, Richard Andrews, was charged in the district court of Muskogee county with the crime of robbery with firearms, was tried, convicted and sentenced to serve a term of 30 years in the State Penitentiary, and has appealed.

Defendant states in his brief filed in this case:

"The only question presented by this appeal is: The Court erred in refusing to grant the plaintiff in error a continuance for the purpose of securing the testimony of nonresident witnesses."

The record discloses that defendant was arraigned in the district court of Muskogee county on June 1, 1945, where he had been charged jointly with Leonard Stokes by information filed on May 21, 1945. The case was assigned for trial on June 12, 1945, and on June 7, 1945, a list of witnesses with their post office addresses was served upon defendant. On June 9, 1945, defendant filed a notice of his intention to apply for a commission to take depositions of out-of-state witnesses, in compliance with Tit. 22 O. S. 1941 § 782. On the same date, June 9, 1945, defendant filed a motion for continuance, which is as follows:

(Omitting the caption)

"Comes now Richard Andrews, the defendant above named and respectfully shows this Honorable Court that he is charged by information with the crime of Armed Robbery, and that he was arraigned in this Court on the 1st day of June, 1945, and entered thereto a plea of not guilty,

said arraignment being more than 10 days preceding the date of his trial which has been set for June 12th, 1945, and that an issue of fact has been joined herein.

"That said defendant cannot safely proceed to trial on said date for the want of material testimony which he has with due diligence been unable to obtain; that it is necessary for the defendant to have the testimony of Charles Hawkins, who is at this time a resident of Portland, Oregon, and of Wagoner Harrison, who is at this time a resident of Richmond, California; that this defendant was of the opinion and had been lead to believe, and did believe, until the 7th day of June, 1945, that the witnesses Charles Hawkins and Wagoner Harrison would be available to testify at the trial of this case as witnesses for the defendant; that the defendant until said time believed that the testimony of these witnesses could be obtained without the taking of a deposition; that the defendant prior to the 7th day of June, 1945, had been told by these witnesses that they would be present to testify in the trial of this case and the defendant immediately upon the learning of the setting of his case for trial, set out to locate said witnesses in order to have a subpoena issued and served on them and on the 7th day of June, 1945, learned for the first time as a matter of fact, subpoenas could not be served on said witnesses for the reason that they are temporarily removed from their homes at Muskogee, Oklahoma, to the addresses above given, and for said reason the defendant has not caused subpoenas to be issued for said witnesses; that the defendant is informed and believes and therefore alleges as a fact that the absence of the said Charles Hawkins and Wagoner Harrison is only temporary and that should this case be continued until the next term of Court that said witnesses will be available as witnesses for the defendant, or that should the defendant be granted time within which to take the depositions of said witnesses, he can obtain the testimony of said witnesses; that the defendant did, on the 9th day of June, 1945, serve five days written notice, as prescribed by the Statutes of the State of Oklahoma, upon the Honorable

Chester Norman, County Attorney of Muskogee County, Oklahoma, of his intention to apply to this Honorable Court for commissions to be issued for the taking of depositions of said witnesses; that the said five days written notice would not expire until June 14th, 1945, after the trial date set for the trial of this case; that the testimony of said witnesses is material, is not cumulative and cannot be obtained from any other source; that the defendant can prove by the witnesses Charles Hawkins and Wagoner Harrison the following state of facts: that at the time this defendant is charged to have committed the crime as charged against him, the alleged robbery with firearms of one Warren H. Smart, that this defendant is not guilty of said charge, but was with the two above named witnesses in the City of Muskogee, Oklahoma, on the night of the alleged robbery, January 6, 1945; that the above named witnesses and this defendant were together that night in the City of Muskogee, Oklahoma, from eight o'clock p. m., until the hour of eleven forty-five p. m.; that this defendant was with them for these three hours forty-five minutes upon the streets of the City of Muskogee, Oklahoma, and in and out of various places of business in said City during this time; that this defendant was never at any time out of their sight, and that this defendant was not in an automobile that night between the hours above mentioned, and did not and could not have been in an automobile with the prosecuting witness, Smart, or any other person that night; that the defendant was not in the town of Ft. Gibson of Tahlequah, Oklahoma that night, or any other place other than the city of Muskogee, Oklahoma, and that the defendant is not and could not be guilty of the crime charged against him.

"Affiant further states that he has used due diligence to obtain the presence of all of said witnesses; that the testimony of all of said witnesses is material; that none of said witnesses are related to the affiant by blood or marriage, and that none of said witnesses have any interest in the outcome of this cause; that this affidavit and motion

is made not for the purpose of delay but that justice may be done.

"Wherefore, the defendant prays the Court to grant a continuance of this cause.

/s/  Richard Andrews, Defendant.

"State of Oklahoma, County of Muskogee, ss.

"Before me, the undersigned Notary Public, personally appeared Richard Andrews, who, being duly sworn, acknowledged to me that he has read the above and foregoing affidavit and motion and that he is acquainted with the allegations therein contained and that each and every material allegation therein is true and correct.

Seal                                      /s/  Elizabeth Vogel,
                                                    Notary Public.

"My Com. Exp.: Jan. 24, 1946."

The record does not reveal that the state filed any written response to this motion, but shows that the court on June 11, 1945, entered an order overruling the motion for continuance. The defendant was tried on June 12, 1945, and was found guilty by the jury, who could not agree upon the punishment, and the court entered judgment and sentenced defendant to serve a term of 30 years in the State Penitentiary at McAlester.

To substantiate his contention, defendant has cited in his brief a number of cases from this court: Harris v. State, 9 Okla. Cr. 658, 132 P. 1121; Owen v. State, 13 Okla. Cr. 195, 163 P. 548; Ennis v. State, 13 Okla. Cr. 675, 167 P. 229, L. R. A. 1918A, 312; Madison v. State, 6 Okla. Cr. 356, 118 P. 617, Ann. Cas. 1913C, 484.

The state has cited the following cases: Scott v. State, 72 Okla. Cr. 305, 115 P. 2d 763, citing Hill v. State, 19 Okla. Cr. 406, 200 P. 253; Abby v. State, 72 Okla. Cr. 208, 114 P. 2d 499, 115 P. 2d 266; Gorum v. State, 67 Okla. Cr.

75, 92 P. 2d 1086; Rucker v. State, 64 Okla. Cr. 259, 79 P. 2d 629.

We have carefully examined all of the above cases, and the many cases cited and quoted therein. It would unduly lengthen this opinion to review all of them. To a great extent, each case depends upon the particular facts of that case. Throughout all of the cases, certain principles of law with reference to the overruling and sustaining of a motion for continuance are announced. It is announced in all of the above cases that the granting or refusing a continuance in a criminal case is largely a matter within the discretion of the trial court. In a number of the cases it is stated that the court in considering the motion will consider the evidence adduced at the trial for the purpose of determining whether the alleged testimony was probably true, and also whether defendant had been prejudiced by reason thereof. In all of the above cases, it is held that it is necessary under the statute (Tit. 12 O. S. 1941 § 668) that the defendant show that he has exercised due diligence with reference to securing the evidence and testimony of absent witnesses; and also that it is incumbent upon defendant to show that there was a probability of securing the attendance of the absent witness at a future time, or of procuring his testimony. The cases have in many instances discussed the question of what constitutes due diligence with reference to the facts presented in the individual case.

In a number of the cases above cited, the court has held that although there was error in overruling the motion for continuance, the entire record was such that a modification of the judgment and sentence was justified, and that this relief was all that the facts justified. See also Owen v. State, 13 Okla. Cr. 195, 163 P. 548.

Applying the above well recognized rules of law to the facts in the instant case, we find from the record that the information against this defendant was filed on May 21, 1945; he was not arraigned until June 1, 1945; he did not file his notice to take depositions until June 9, 1945, and his motion for continuance on the same day; the motion for continuance was overruled on June 11, 1945, and he was tried on June 12, 1945.

Tit. 22 O. S. 1941 § 782, provides:

"When a material witness for the defendant resides out of the state the defendant may apply for an order that the witness be examined on a commission to be issued under the seal of the court, and the signature of the clerk, directed to some party designated as commissioner, authorizing him to examine the witness upon oath or interrogatories annexed thereto, and to take and certify the deposition of the witness and return it according to the instructions given with the commission."

Section 783 of the same Title provides:

"Application must be made upon affidavit stating:

"1. The nature of the offense charged.

"2. The state of the proceedings in the action and that an issue of the fact has been joined therein.

"3. The name of the witness and that his testimony is material to the defense of the action.

"4. That the witness resides out of the state."

Section 784 is:

"The application may be made to the court or judge himself, and must be upon five days' notice to the county attorney."

Section 785 provides:

"If the court or the judge to whom the application is made, is satisfied of the truth of the facts stated and that the examination of the witness is necessary to the attainment of justice, an order must be made that a commission be issued to take his testimony, and the court or judge may insert in the order a direction that the trial be stayed for a specified time reasonably sufficient for the execution of the commission and return thereof, or the case may be continued."

Succeeding sections of the statute outline the procedure to be followed in taking depositions, to which reference need not be made.

The trial court evidently found that defendant had not used due diligence in attempting to secure the evidence of the witnesses named in the affidavit; and took into consideration the further fact that the witnesses named were ex-convicts the defendant had met while he was serving terms in the penitentiary, and that their residence was shifting and there was doubt as to whether their evidence could be secured if the case were continued. The affidavit upon its face did not give a complete statement of all facts necessary to grant a continuance.

The court at the time the motion for new trial was considered evidently took into consideration the fact as to whether the evidence of the witnesses was true in the light of the evidence presented by the state. As an appellate court, we are not in a position to say that the trial court was wrong in these deductions, and that his actions were beyond his sound discretion. The evidence upon which the state relied was that of identification of the defendant as being one of the parties who committed the robbery.

Warren H. Smart, of Muskogee, testified that when he stopped for a traffic light in the city of Muskogee on the night in question, two men got in his car, and at the

point of a gun made him drive out of town, where he was robbed of his money and watch. (The watch was later recovered.) He positively identified the defendant as one of the men who entered his car and later robbed him of his billfold and watch. They drove around for some time, had trouble with his car, and finally got it in a ditch. While they were out of the car, an automobile in which two girls and two soldiers were riding came along and stopped to render assistance. Only one of the soldiers testified, and he and both of the young ladies positively identified defendant as one of the men they picked up on the roadside with Mr. Smart, and as the man who held the gun in his hand and directed where their car should be driven, forcing them to drive around for some two or three hours. The first time the young ladies were called to the police station, five men were lined up for inspection, but they failed to identify any of the parties as those involved in the robbery. Neither the defendant nor his codefendant was in that line-up. When again called to the police station, they identified defendant who was lined up with four other men.

The defendant took the witness stand in his own behalf and on cross-examination stated that he had on three previous occasions been convicted and served terms in the State Penitentiary for larceny of an automobile, robbery, and attempted robbery by force; and that on one occasion he escaped from the penitentiary, and had attempted to escape on two other occasions.

From the above statement and the reading of the record and review of the evidence, it may be said that the evidence of the two absent witnesses could have been material as to the defendant's guilt. It is very doubtful, however, if their evidence would have changed the result of the trial.

The fact that they were ex-convicts, and that defendant had met them while confined in the State Penitentiary, and the probability of the untruth of their testimony in view of the evidence in the case would not have changed the result of the trial. It would have been better had the county attorney agreed that the affidavit could have been read to the jury as the testimony of the absent witnessess, but he did not see fit to do so.

Defendant has cited the case of Madison v. State, 6 Okla. Cr. 356, 118 P. 617, Ann. Cas. 1913C, 484, which holds that it is necessary that the county attorney admit the absolute truthfulness of the affidavits if admitted. This case has been overruled by the later decisions of this court, and is not the rule. Abby v. State, 72 Okla. Cr. 208, 114 P. 2d 499, 115 P. 2d 266; Owen v. State, 13 Okla. Cr. 195, 163 P. 548; Ennis v. State, 13 Okla. Cr. 675, 167 P. 299, L. R. A. 1918A, 312; Sullivan v. State, 41 Okla. Cr. 371, 273 P. 372; Riley v. State, 40 Okla. Cr. 369, 269 P. 377.

We have come to the conclusion that while the court did not commit error in overruling the motion for continuance in this case, as a matter of law, but by reason of the county attorney refusing to agree to the reading of the affidavit of the defendant as the testimony of the absent witnesses, and all the circumstances, that justice demands that the judgment and sentence of 30 years given by the court should be modified to a term of 20 years.

As so modified, the judgment and sentence of the district court of Muskogee county is affirmed.

JONES and BRETT, JJ., concur.