Edward Lewis HUDSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13177.

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1962.

See also 375 P.2d 16'

William H. Lewis and Wayne E. Wheeling, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal perfected by Edward Lewis Hudson, plaintiff in error, hereinafter referred to as defendant, from a judgment and sentence rendered against him in the District Court of Oklahoma County, on the 6th day of November, 1961, wherein defendant was charged by information with

the Crime of Grand Larceny and sentenced to five years in the Oklahoma State Penitentiary at McAlester, after having been found guilty by a jury who assessed his punishment.

In his petition, the defendant, Edward Lewis Hudson, avers five assignments of error, for which he cites no authorities. Therefore, this court will consider at length only those assignments which have been strongly urged by the defendant, and properly presented to the Court of Criminal Appeals.

The defendant contends the evidence is insufficient to support the verdict of the jury. In this connection, the record discloses that Roy Garrett, a clerk employed by Stockton's IGA Grocery, on duty at the time of the alleged crime, testified that he observed the defendant on the premises, located at 1912 N.E. 23rd, Oklahoma City, Oklahoma, at about 6:30 P.M. on the evening of January 29, 1961; that the defendant apparently left and returned "along about seven or maybe a little before"; purchased an onion from the same Roy Garrett and proceeded to use the telephone located in the immediate vicinity of the money drawer used for cashing checks.

Garrett further testified he saw the defendant holding the phone in his right hand while taking money from the drawer with his left and putting the bills in his pocket, and that the accused looked up, saw Garrett watching him; thereupon running out of the store. The witness then proceeded to the front of the store in time to see the accused fleeing east along 23rd street and immediately reported the incident to the assistant manager, who was at that time in the back of the building and who telephoned police.

Gene Bloyed, the assistant manager, testified in substance that at 9:00 A.M., he placed the sum of $504 in the top drawer of the cash register and that no money was taken from it, but, that checks were cashed from the money in the drawer beneath it. He further testified that 30 minutes prior to the theft the cash drawer was intact and

locked, and immediately after being notified by the clerk he examined the cash drawer and found it had been broken open, that the latch was in an upright position and the money had been stolen.

Defendant denied that he had been near the store on the day in question and asserted that he had not been in or near the store for sometime prior to the day of the alleged theft. He interposed the defense of alibi and introduced testimony of two witnesses in support thereof, who stated that they had been with the accused, playing cards, prior to, during and at the time of the alleged theft. Both of these witnesses had criminal records.

We are of the opinion that the evidence, although sharply conflicting, was sufficient to support and sustain the verdict of the jury. This court has repeatedly upheld the fundamental right of the jury to determine judicially the testimony and evidence presented it, (See recent decisions of this court, Goodnight v. State, Okl.Cr., 366 P.2d 757; Hill v. State, Okl.Cr., 368 P.2d 669; Sasser v. State, Okl.Cr., 309 P.2d 1090; Jordan v. State, Okl.Cr., 327 P.2d 708, 709), and determined:

> "Where there is competent and substantial evidence in the record from which the jury might reasonably conclude that the defendant is guilty of the crime charged, the jury's verdict will not be interfered with upon the ground that the evidence is insufficient to sustain the conviction." Hunt v. State, 81 Okl.Cr. 114, 161 P.2d 82.

In McKendree v. State, 78 Okl.Cr. 321, 148 P.2d 210, this court held:

> "In prosecution for grand larceny, weight of evidence and credibility to be given witnesses was for the jury." (See also Worley v. State, 96 Okl.Cr. 297, 253 P.2d 573)

It is next urged by the defendant that the punishment imposed was excessive.

We are of the opinion that the evidence is of sufficient quantum to support the jury's verdict even though the maximum penalty

of five years in the penitentiary was imposed, and in view of the defendant's prior felony conviction and other infractions of the law, we will follow the rule laid down in McCluskey v. State, Okl.Cr., 372 P.2d 623, wherein we held:

"The Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive so as to shock the conscience of the court".

After consideration of all the facts involved in this case, and for the reasons stated herein, the conviction and sentence is hereby Affirmed.

NIX, P. J., and BRETT, J., concur.