**Kermit SNOW, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–14788.**

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Gotcher & Gotcher, McAlester, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Kermit Snow, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Lincoln County for the offense of Shooting With Intent to Kill, and from the judgment and sentence rendered against him, fixing his punishment at an indeterminate sentence of from 10 to 30 years imprisonment in the State Penitentiary, he appeals.

On appeal we will treat his first and second assignments of error (1) "That the defendant was denied due process of law guaranteed by the Bill of Rights and the Constitution of the State of Oklahoma and the United States of America by a refusal to grant process for production of State's witnesses at preliminary hearing," and (2) "That it was error for the lower court to refuse to grant a continuance of the preliminary hearing until such time as the production of witnesses could be successfully implemented," under a single proposition.

We believe the State's brief amply answers these first two assignments of error, and the same is hereby adopted.

"Defendant's preliminary hearing began on September 25, 1967, at which time the State called seven witnesses and rested. The defendant then called two witnesses, and the court granted defendant a continuance until October 9, 1967, to call further witnesses. As of September 25, 1967, defendant had not subpoenaed any witnesses. On September 27, 1967, defendant filed a praecipe for subpoena for one Jack Adams, the complaining witness who had not been called by the

State, and who was residing in California at that time. On October 9, 1967, the preliminary hearing reconvened. The defendant called one additional witness, refused to rest, and filed another motion for continuance based on Adams' absence. The court overruled defendant's second motion for continuance and bound the defendant over for trial in District Court. The witness, Jack Adams, later testified at defendant's trial in District Court (CM 337-376).

The court cannot grant a motion for continuance, on account of the absence of evidence, where the affidavit thereon is insufficient. In the first and third paragraphs of the syllabus of Crosswhite v. State, Okl.Cr., 317 P.2d 781 (1957), this Court held:

'1. When an affidavit is filed for continuance, by reason of the absence of a witness, and the affidavit does not contain the necessary averment that the affiant believes that the facts the absent witness, as averred in said affidavit, would testify to are true, the same is fatally defective under the requirements of 12 O.S.1951, § 668.

3. Under the provisions of 22 O.S. 1951, § 584, reading: "When an indictment or information is called for trial, or at any time previous thereto, the court may, upon sufficient cause shown by either party, as in civil cases, direct the trial to be postponed to another day in the same or next term," the phrase, "as in civil cases," makes the provisions of 12 O.S.1951, § 668 clearly applicable in criminal cases.'

Title 12 O.S.1961, § 668, states:

'A motion for a continuance, on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if it is for an absent witness, the affidavit must show where the witness resides, if his residence is known to the party,

and *the probability of procuring his testimony within a reasonable time,* and *what facts he believes the witness will prove,* and *that he believes them to be true* * * *' [Emphasis added]

See Sanders v. State, 46 Okl.Cr. 296, 287 P. 846 (1930).

Defendant's affidavit for continuance (CM 31-33) is insufficient in that it does not state the probability of procuring the witnesses' testimony within a reasonable time, nor does it state what facts he believes the witnesses will prove. Also, the defendant did not use due diligence in attempting to subpoena the absent witness, Jack Adams, nor did he use the proper procedure for subpoenaing an out-of-state resident as provided for in 22 O.S.1961, § 723. Further, the defendant did not request the court to issue any attachment for any absent witnesses. In DeWolf v. State, 95 Okl.Cr. 287, 245 P.2d 107 (1952), this Court held that where a defendant did not exhaust all his legal remedies under 12 O.S.1961, § 668, to obtain the presence of absent witnesses, and such did not affirmatively appear from the affidavit, said affidavit is bad on its face, and it is not an abuse of discretion for the court to overrule the application for continuance.

The witness, Jack Adams, of whose absence at the preliminary hearing the defendant makes complaint, testified at the District Court trial of the defendant (CM 337-376). This Court will examine the entire record in ascertaining whether or not the defendant suffered prejudice by reason of the overruling of his motion for continuance. Andrews v. State, 84 Okl.Cr. 104, 179 P.2d 491 (1947). Here, the transcript of the testimony shows that Adams' testimony was cumulative in nature, and it was not necessary in binding the defendant over for trial, nor was the *absence* of such testimony at the preliminary hearing prejudicial to the defendant in any respect. This

Court held in Jackson v. State, 72 Okl. Cr. 226, 114 P.2d 953 (1941), that it is not error to overrule a motion for continuance where the desired testimony is cumulative. See also, McKendree v. State, 78 Okl.Cr. 321, 148 P.2d 210 (1944). The arguments and authorities set out above pertain to trial courts and the time of trial, rather than examining magistrates and preliminary hearings. However, a preliminary hearing is not a trial, and the quantity of evidence required is less than that of a trial, in that the purposes of a preliminary hearing are not as stringent as those of a trial. Relative to preliminary hearings, in the first two paragraphs of the syllabus of Shapard v. State, Okl.Cr., 437 P.2d 565 (1967), this Court held:

'Where evidence presented at preliminary hearing before a magistrate is sufficient to establish that a crime has been committed and there is probable cause to believe the defendant guilty, *the failure of the magistrate to allow the defendant to offer testimony of witnesses whose testimony is not material to the defense, does not constitute reversible error.*

The question of the materiality of the testimony sought to be produced at preliminary hearing must be determined from an examination of the entire record.' [Emphasis added]

Jack Adams' testimony was not material to the defense at the preliminary hearing, and an examination of the record shows that his testimony was cumulative. Further, an examination of the defendant's motion for continuance and affidavit thereon clearly shows that defendant's only reason for desiring the testimony of Jack Adams was for the purpose of a 'fishing expedition,' and the denial thereof by the magistrate was not prejudicial to the defendant."

For the reasons above set forth, we are of the opinion that these assignments of error are without merit.

This leads us to defendant's last assignment of error "that the court erred in overruling the motion for mistrial of the defendant upon the ground that a deputy sheriff wearing an officer's badge had been stationed in the vicinity of the defendant in open court during the trial within the clear sight of the jury, which was prejudicial to the right of the defendant to a fair and impartial trial."

We believe that the trial court's statement found at CM 391–392, relating to this matter is determinative of the issue here presented.

"THE COURT: So the record won't be misleading, may it be stipulated that the Deputy Sheriff, M. R. Taylor, has been sitting near the outside door from the rail, some 12 to 15 feet back from the defendant and across the table from him and that he was there for at least a good part of or perhaps all of yesterday—I don't know, I hadn't noticed the display of a badge, but he may have had one on. May that be stipulated in the record, so there won't be any controversy about the facts."

The trial court further stated at CM 393:

"THE COURT: Let the record show that the Motion for Mistrial will be overruled for the reason that in the Court's opinion the Deputy Sheriff has never had the custody of the prisoner nor has there been any showing that he so indicated that he had custody; that the prisoner has never been shackled in any way and there has been no indication so far as the Court is concerned that he was in custody and there has been no undue observation other than the fact stated of the Deputy Sheriff's presence. Let the record further show it is this Court's opinion that it can require Peace Officers in the presence of the Court at any time for the protection of all concerned, whether it is the defendant or anyone else and for that reason the officer is here as an Officer of the Court."

We believe that the trial court correctly stated the law, and that this assignment of error is equally without merit.

Having carefully examined the record and finding that the evidence amply supported the verdict of the jury, and having fully dealt with the assignments of error raised on appeal, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby,

Affirmed.

BRETT, P. J., and NIX, J., concur.